## Commonwealth ex rel. Nagle *v.* Smith, Warden.

PER CURIAM, March 3, 1944:

The petition for writ of habeas corpus presented to this court sets forth that the petitioner is unlawfully confined in the State Penitentiary for the Eastern District of Pennsylvania as a parole violator. Relator pleaded guilty to several bills of indictment without presentation to the grand jury on February 9, 1927, in the Court of Oyer and Terminer and in the Court of Quarter Sessions of Luzerne County. The charges were robbery, burglary, and larceny. On the same day, he was sentenced on one of the bills, No. 296, February Sessions, 1927, to the Pennsylvania Industrial School at Huntingdon. No action was taken on the other bills. Relator was paroled on December 14, 1928, and finally discharged on May 19, 1929. At the June Sessions, 1929, of the Court of Quarter Sessions of Luzerne County, he was convicted of larceny of an automobile, on bill No. 224 of that term, but on May 24, 1929, before the trial on that indictment, he was sentenced on bill No. 291, February Sessions, 1927, as follows:

"Now May 24, 1929, defendant having entered a plea of guilty to the crime of breaking and larceny, and the same plea to other like offenses, and having been sentenced in one of the cases to the Huntingdon Reformatory, and having served his time and been finally discharged on December 14, 1928, and now having pleaded guilty to the above number and term to having committed breaking and larceny on January 18, 1927 and stealing certain property of the value of $120, and sentence having been postponed in that case pending good

behavior, and having been rearrested for stealing an automobile, the court now sentences the defendant in the above case to pay the costs of prosecution, a fine of $500 to the Commonwealth and to undergo imprisonment by separate and solitary confinement in the Eastern Penitentiary, located at Philadelphia, for an indeterminate term, a maximum of which not exceeding ten years and a minimum of not less than five years, and that he stand committed until this sentence be complied with.

"Sentence is postponed in the other cases pending the trial of his recent indictment.

"By the Court

"JONES, J."

The original indictment (No. 291, February Sessions, 1927), which we have before us, does not indicate that sentence was postponed, deferred, or suspended, and the averments of the petition that no action was taken thereon until May 24, 1929, are not denied. The rule to show cause was served upon the Attorney General of the Commonwealth, the District Attorney of Luzerne County, and the Warden of the State Penitentiary for the Eastern District of Pennsylvania.

On June 19, 1929, relator, having been convicted, was sentenced on bill No. 224, June Sessions, 1929. He was received at the Eastern State Penitentiary on June 19, 1929, to serve the following sentences to be computed from May 24, 1929: (1) Bill No. 291, February Sessions, 1927, Luzerne County, five to ten years; (2) Bill No. 224, June Sessions, 1929, Luzerne County, three and one-half to seven years to date from the expiration of sentence imposed on bill No. 291. In accordance with the procedure then in effect, the sentences were lumped, making a minimum of eight and one-half years and a maximum of seventeen years. On June 10, 1936, the board of pardons commuted his minimum sentence on bill No. 224, June Sessions, 1929, from three and

one-half years to one day; and on July 12, 1936 after serving a period of seven years, one month, and nineteen days, he was granted what was deemed a parole as to the sentence on bill No. 291, February Sessions, 1927. After serving the one day on bill No. 224, June Sessions, 1929, he was released as on parole for the balance of the maximum sentence. After his release on July 13, 1936, he was subsequently arrested, and pleaded guilty to certain crimes committed in Wyoming County. He was thereupon returned to the Eastern State Penitentiary on June 25, 1938, to serve the unexpired portion of his sentence on bill No. 224, June Sessions, 1929. The maximum sentence on that bill would not expire until June 24, 1945, according to the warden's answer.

Habeas corpus is the proper remedy where the relator is in confinement under a void or illegal sentence. *Com. ex rel. Wilhelm v. Morgan,* 278 Pa. 395, 396, 123 A. 337. See *Com. ex rel. Biglow v. Ashe,* 348 Pa. 409, 35 A. 2d 340. Relator was sentenced on one bill of indictment, and on the others to which he at the same time pleaded guilty the court took no action whatsoever. He was not remanded and held for sentence on the other bills, nor was sentence thereon suspended or temporarily deferred. The court might have imposed at the time separate sentences on each bill of indictment or separate sentences on each count of a bill of indictment. Sentence, however, was limited to one bill of indictment, and the court's power to sentence on such remaining indictments therefore expired with that term of court, no power to sentence thereon having been preserved by any action of the court. See *Com. v. Mayloy,* 57 Pa. 291; *Williams v. Com.,* 29 Pa. 102; *Edwards et al. v. Newland,* 271 Pa. 1, 4, 113 A. 742; *Com. ex rel. Nuber v. Keeper of Workhouse,* 6 Pa. Superior Ct. 420, 425. "A court may not legally resentence a criminal after the term has ended ...... If it were permissible to amend, modify or revise sentences

without this limitation the entire administration of criminal justice would be disrupted and manifest abuses would result": *Moskowitz's Registration Case*, 329 Pa. 183, at page 190, 196 A. 498, at page 502. The added sentence imposed by the Court of Quarter Sessions of Luzerne County in 1929, on bill of indictment No. 291, February Sessions, 1927, was void. It was imposed over two years after the expiration of the term. "After term, a court is without authority to interfere either by increasing or by reducing the punishment imposed": *Com. v. Harrison*, 142 Pa. Superior Ct. 453, at page 455, 16 A. 2d 665, at page 667. Under the facts, it follows that relator was not legally on parole when released from the penitentiary on July 13, 1936. Actually, he had served his maximum sentence of seven years on bill No. 224, June Sessions, 1929. Sentence on bill No. 291, February Sessions, 1927, being a nullity, there could be no parole and he cannot be detained to serve any alleged unexpired portion of this sentence. Consequently, when relator was arrested and committed to the penitentiary on June 25, 1938, for crimes committed in Wyoming County, he was not on parole from any previous sentence, and therefore he was not a parole violator. Section 10 of the Act of June 19, 1911, P. L. 1055, as amended, 61 PS §305, was not applicable. The sentences imposed upon him by the Court of Quarter Sessions of Wyoming County became operative the day they were imposed—June 25, 1938 (Act of May 28, 1937, P. L. 1036, §1, 19 PS §894; *Com. ex rel. Cox v. Ashe*, 146 Pa. Superior Ct. 365, 370, 22 A. 2d 606), and it is to be recorded that he is serving these sentences from that date. As relator cannot be discharged, the writ is refused.