Commonwealth ex rel. Nagle, Appellant, *v.*
Myers.

Argued March 7, 1960. Before RHODES, P. J.,
WRIGHT, WOODSIDE, ERVIN, WATKINS, and MONT-
GOMERY, JJ. (GUNTHER, J., absent).

*Joseph N. Bongiovanni, Jr.,* for appellant.

*Roy A. Gardner,* District Attorney, for appellee.

OPINION BY WRIGHT, J., March 24, 1960:

Carl Nagle has appealed from an order of the Court of Common Pleas of Wyoming County dismissing his petition for a writ of habeas corpus.

On June 25, 1938, appellant entered pleas of guilty to five bills of indictment in Wyoming County. On Bill No. 41 January Sessions 1938, charging breaking, entering, and larceny, he was sentenced for a term of ten to twenty years. On Bill No. 42 January Sessions 1938, charging breaking, entering, and larceny, he was sentenced for a term of ten to twenty years at the expiration of the sentence on Bill No. 41. On Bill No. 43 January Sessions 1938, charging larceny, he was sentenced for a term of one to two years at the expiration of sentence on Bill No. 42. On Bill No. 4 October Sessions 1938, charging larceny of automobile, he was sentenced for a term of two to four years at the expiration of sentence on Bill No. 43. On Bill No. 5 October Sessions 1938, charging jailbreak, he was sentenced for a term of one to two years at the expiration of sentence on Bill No. 4. Because the sentences on Bills Nos. 41 and 42 exceeded the maximum provided by law, they were subsequently reduced by the court below to minimums of five and maximums of ten years.

At the time of his pleas in Wyoming County, June 25, 1938, appellant was supposedly on parole from the Eastern State Penitentiary as a result of prior sentences in Luzerne County. However, in *Commonwealth ex rel. Nagle v. Smith,* 154 Pa. Superior Ct. 392, 36 A.

2d 175, it was held that one of appellant's Luzerne County sentences was void, and that appellant was actually not on parole, having served his maximum term. On March 3, 1944, in the opinion in that case, this court said: "Consequently, when relator was arrested and committed to the penitentiary on June 25, 1938, for crimes committed in Wyoming County, he was not on parole from any previous sentence, and therefore he was not a parole violator . . . The sentences imposed upon him by the Court of Quarter Sessions of Wyoming County became operative the day they were imposed—June 25, 1938 . . . and it is to be recorded that he is serving these sentences from that date".

On June 30, 1948, appellant's minimum sentence was commuted to ten years, six months, and fifteen days, expiring July 17, 1948. On September 15, 1948, he was paroled to remain on parole until December 30, 1965. While on parole, appellant perpetrated two additional offenses. On November 1, 1951, he was committed to the Montgomery County prison on a charge of breaking, entering, and larceny. On July 11, 1952, he was sentenced on that charge by the Montgomery County Court for a term of one year in the Montgomery County prison with a detainer lodged against him from Bucks County. On October 28, 1952, appellant was released from the Montgomery County prison and committed to the Bucks County prison. On June 9, 1953, he was sentenced by the Bucks County court on Bill No. 66 January Sessions 1953, charging burglary, larceny, and receiving stolen goods, for a term of two and one-half to five years, to be computed from October 28, 1952. Appellant was thereupon returned to the Eastern State Penitentiary at which time the unexpired period of the Wyoming County sentences was seventeen years, three months, and fifteen days, and appellant's maximum term was calculated to expire on September 24, 1970.

On December 22, 1954, the late President Judge FARR entered an order in each Wyoming County case that the sentence should run from June 25, 1938. It is this circumstance which gives rise to the present proceeding. Appellant's position is that the effect of these amendments was to make the five Wyoming County sentences concurrent instead of consecutive. He therefore contends that his maximum term on the Wyoming County sentences expired on June 25, 1948, and that his maximum term on the Bucks County sentence expired on October 28, 1957. It is consequently his theory that he is entitled to immediate release.

There are two answers to appellant's contention. In the first place the amendments of December 22, 1954, cannot reasonably be interpreted to have the effect of changing the Wyoming County sentences from consecutive to concurrent. Although the direction in *Commonwealth ex rel. Nagle v. Smith,* supra, 154 Pa. Superior Ct. 392, 36 A. 2d 175, was self-executing and did not require implementation, the late President Judge FARR apparently concluded, somewhat belatedly, that clarification was necessary. The amending orders expressly refer to the Superior Court decision. A sentence is to be construed in its entirety and so as to give effect to the intent of the sentencing court: *Commonwealth ex rel. Scoleri v. Burke,* 171 Pa. Superior Ct. 285, 90 A. 2d 847. As we recently pointed out in *Commonwealth ex rel. Darby v. Myers,* 190 Pa. Superior Ct. 461, 154 A. 2d 297, a reference to the date of commitment in order to comply with the Act of 1937, P. L. 1036, 19 P.S. 894 et seq., does not govern the effect of a sentence where there is a specific direction that it is to be served following another sentence. The fact that the amendments of the instant sentences did not repeat the direction that they were to be served consecutively is not controlling.

In the second place, assuming arguendo that the intention was to alter the Wyoming County sentences so as to make them concurrent instead of consecutive, the sentencing court was without power to make such a change on December 22, 1954, some sixteen years after the expiration of the term of court at which the sentences were imposed. "It is a well established general rule that a court has no authority to alter a sentence, either by increasing or reducing the punishment imposed, after the expiration of the term at which the defendant was convicted": *Commonwealth v. Downer,* 161 Pa. Superior Ct. 339, 53 A. 2d 897. See also *Commonwealth v. Peterson,* 172 Pa. Superior Ct. 341, 94 A. 2d 582; *Commonwealth v. Harrison,* 142 Pa. Superior Ct. 453, 16 A. 2d 665; *Moskowitz Registration Case,* 329 Pa. 183, 196 A. 498. An exception to this rule exists where the penalty inflicted is in excess of that prescribed by law. Such a sentence is voidable and may be corrected even after the term. The difference between the general rule and the exception was pointed out in *Commonwealth v. Mackley,* 380 Pa. 70, 110 A. 2d 172, wherein our Supreme Court said: "There is an essential difference, however, between affecting a judgment by increasing or decreasing the punishment within legal limitations, and correcting the sentence of one imprisoned for a greater term than warranted by law. In the latter case there is merely a modification of the judgment to make the penalty conform with the legal maximum. There is no vacation of the judgment".

We deem it unnecessary to discuss the cases cited in appellant's brief as, without exception, they support our view. Appellant also cites Section 181 of the Act of March 31, 1860, P. L. 382, 19 P.S. 893, which made fulfillment of sentence equivalent to pardon. Although this statutory provision would have no application in the instant case for the reason that, as previously dem-

onstrated, appellant has not fulfilled his sentence, it was expressly repealed by Section 1201 of The Penal Code. Act of June 24, 1939, P. L. 872, 18 P.S. 5201. Cf. *United States ex rel. Forino v. Garfinkel,* 166 F. 2d 887.

Order affirmed.