## Commonwealth ex rel. Leuw v. Myers

*Harry L. McNeal, Jr.*, for petitioner.

*Daniel W. Shoemaker*, District Attorney, for respondent.

SHADLE, J., June 15, 1965.—This is a petition by which a prisoner in the State Correctional Institution at Graterford seeks his release, on the ground that the sentence imposed upon him was invalid.

On April 4, 1955, petitioner pleaded guilty to 10 bills of indictment charging forgery and 11 bills charging delivery of worthless checks. Sentence was at that time deferred. On April 18, 1955, he pleaded guilty to four additional bills charging delivery of worthless checks. On that date, the court imposed consecutive jail sentences of six months each on six bills of indictment charging delivery of worthless checks. The judge further stated as follows:

"As far as the other cases are concerned, the imposition of sentence is deferred and the defendant is ordered and directed to pay the costs of prosecution in each of the cases if and when he is released on parole on the charges in which he has been sentenced this morning".

Five days later, the court modified the sentences on some of these six bills in a manner not material to the issue before us. One of the bills on which sentence was not imposed was no. 136, October sessions, 1954, charging forgery.

On October 21, 1955, the court directed that petitioner be released on parole for a period of three years in the cases in which he had been sentenced. The judge at that time stated that petitioner should comply with the terms of parole, "otherwise he will be recommitted and no doubt resentenced on the other cases in which sentence was not imposed . . ."

On April 30, 1956, petitioner pleaded guilty to a new bill, no. 15, April sessions, 1956, charging forgery, and 12 new bills charging delivery of worthless checks. On that date, the court sentenced him on bill no. 136,

October sessions, 1954, to imprisonment in a State correctional institution for from two and one half to five years, and on the new bill no. 15, April sessions, 1956, to imprisonment for from two and one half to five years, to begin at the expiration of the first sentence. These sentences were computed from March 20, 1956, and had a combined minimum expiring March 20, 1961, and a combined maximum expiring March 20, 1966.

On March 20, 1961, petitioner was released on parole for the remainder of his combined maximum terms. On September 21, 1964, he was returned to prison by the Board of Parole as a convicted parole violator. The board fixed the remaining five years of his original sentence to be served for parole violation, expiring on September 21, 1969.

Petitioner claims that the sentence last imposed on no. 136, October sessions, 1954, was void because it subjected him to double jeopardy, since it was a second sentence imposed after the original sentence. This, of course, is not correct. An order suspending sentence is not a sentence, and in any event, double jeopardy applies only in capital cases: Commonwealth ex rel. Carr v. Ceraul, 25 D. & C. 2d 312 (1961), affirmed in 196 Pa. Superior Ct. 269 (1961). It is perfectly clear that on April 18, 1955, the sentence on this bill was merely "deferred", and that sentence was imposed for the first and only time on April 30, 1956.

However, we believe the sentence imposed on bill no. 136, October sessions, 1954, offends against the rule established in Commonwealth v. Duff, 414 Pa. 471 (1964). In that case, the court entered an order of probation on one of six bills of indictment, and suspended sentence generally on the others. Thereafter, on discovering that defendant had violated probation during the period thereof, the court vacated the suspended sentences and imposed prison sentences. The Supreme

Court held that the sentences were invalid and that defendant should be discharged, stating as follows, page 473:

". . . it appears clear to us, that by the passage of the Acts of June 19, 1911, P.L. 1055, sec. 1, 19 PS §1051, and August 6, 1941, P.L. 861 61 PS §331.25, the legislature manifested a mandate to the courts, that where *no sentence is imposed*, the defendant should be placed on probation for a fixed period of time, not to exceed the maximum period of imprisonment allowed by law for the particular offense".

"It is our considered conclusion that the above mandate can and should not be ignored and that *in every case, where a court fails to impose sentence*, the provisions of the governing act of 1941, *supra*, should be followed. The practice of indefinitely suspending sentence should be discontinued, and as of the effective date of the legislation, above mentioned, has no sound basis in law". (Italics supplied.)

It may be doubted whether the rule of Duff should apply where a prison sentence is imposed on one or more bills at the time sentence is suspended on others. It will be noted that Duff involved a sentence of probation coupled with other suspended sentences. This thought was expressed in the dissenting opinion concurred in by two of the Superior Court judges in Commonwealth ex rel. Perrotta v. Myers, 203 Pa. Superior Ct. 287 (1964). Thus, it might be argued that requiring a fixed period of probation with a suspended sentence is logical, where a defendant is free under supervision in other cases, but to impose a fixed period of probation at the same time a defendant is sentenced to prison on other charges is an anomaly. Nevertheless, the remaining five judges of the Superior Court in Perrotta interpreted Duff to mean that where a prison sentence is imposed on one of several bills, and sentence is suspended indefinitely on others, it is improper to

thereafter vacate the suspended sentence and impose a prison sentence. We believe that it was the indefiniteness of the period for which sentence was suspended which was condemned by Duff, and that its language is broad enough to include every case in which no sentence originally is imposed. This being so, it likewise is of no moment whether the court "suspends" or "defers" sentence. While Duff does approve of the deferment of sentence or of its execution "temporarily . . . for a reasonable period of time for pre-sentence investigation or other proper cause", no such period or cause appears in the instant case.

We conclude, therefore, that as to bill no. 136, October sessions, 1954, no period of probation nor any time limit for imposition of sentence having been fixed when sentence was deferred in April 1955, the sentence imposed thereon on April 30, 1956, was invalid. However, such invalidity does not apply to the sentence imposed on bill no. 15, April sessions, 1956, which involved a new offense and an additional prison term. Nevertheless, the question remains whether the time petitioner has served in prison should now be credited on the second valid sentence.

On this point, the decisions appear to be in conflict. It has been held that where the first of two consecutive sentences is *void*, the second valid sentence is deemed to run from the date it is imposed, and consequently the time served on the first invalid sentence is to be credited to the second sentence. Commonwealth ex rel. Thor v. Ashe, 138 Pa. Superior Ct. 222 (1939), so held as to a sentence declared void because it was imposed after the case was nolle prossed, and Commonwealth ex rel. Nagle v. Smith, 154 Pa. Superior Ct. 392 (1943), so held as to a sentence declared void because it was entered after the expiration of the term.

On the other hand, Commonwealth ex rel. Pyeatte v. Burke, 170 Pa. Superior Ct. 355 (1952), cert. den.,

344 U. S. 842, held that where the first of three successive prison terms is reduced because in excess of the maximum prescribed by law, the court has no authority to allow credit against the subsequent sentences for time served in excess of the reduced limit of the first term. And in Commonwealth ex rel. Holly v. Claudy, 171 Pa. Superior Ct. 340 (1952), cert. den., 344 U. S. 930, it was held that where the first of two consecutive sentences is reversed on appeal, the second sentence begins only from the date of reversal, and no credit on the second sentence is to be allowed for time served on the first.

Whether the first sentence be considered to be void, voidable or invalid, it was, in fact, a nullity because it was improperly imposed. This is the clear impact of Commonwealth v. Duff, supra, where defendant being held under such improper sentence was directed to be discharged. It seems to us to be fundamentally unfair that prison time served under a purported sentence which was of no legal effect from its inception should be lost. Since the second sentence would have begun immediately, but for the intervening prior sentence, simple logic indicates that once the invalidity of the first sentence has been declared, the time served should likewise be declared credited to the second sentence. True, such a rule results in petitioner escaping an intended, and probably deserved, punishment under the first sentence. But this was so in Duff, supra, and is so in every case in which due process and regularity of proceedings are of more importance than punishment of an individual prisoner.

We hold that the sentence imposed on April 30, 1956, to no. 15, April sessions, 1956, is to be computed from March 20, 1956. Consequently, petitioner, having served the full five years maximum term of this sentence when he was released on parole on March 20, 1961, is now entitled to be discharged.

146

### ORDER

And now, to wit, June 15, 1965, the prayer of the petition is granted, the rule issued thereon is made absolute, a writ of habeas corpus is awarded, and it is directed that petitioner be discharged thereunder. An exception is noted for respondent.

Execution of this order is hereby suspended for a period of 30 days from this date to afford an opportunity for appeal. If no appeal is filed within such period, this order thereupon shall be executed. If an appeal is filed within such period, execution of this order shall be subject to the order of the appellate court.