**UNITED STATES of America ex rel. Robert C. McKEE, Petitioner,**

v.

**James F. MARONEY, Superintendent, State Correctional Institution, Pittsburgh, Pennsylvania, Respondent.**

**No. 840.**

United States District Court
M. D. Pennsylvania.

March 8, 1967.

Hymen Schlesinger, M. Y. Steinberg, Pittsburgh, Pa., for petitioner.

Frank P. Lawley, Jr., Deputy Atty. Gen., Harrisburg, Pa., Charles C. Brown, Jr., Dist. Atty., Centre County, Bellefonte, Pa., for respondent.

## OPINION

FOLLMER, District Judge.

Robert C. McKee, an inmate at the State Correctional Institution, Pittsburgh, Pennsylvania, filed a petition for writ of habeas corpus on December 19, 1966, in the United States District Court for the Western District of Pennsylvania. The petition was transferred to this District under 28 U.S.C. § 2241(d), by Order dated December 21, 1966. On January 6, 1967, Rule to Show Cause was granted and Answers have been received from the respondent and the District Attorney of Centre County, Pennsylvania. It appearing that there was no dispute over the facts upon which the petition is based, but that the controversy is one of law, this Court ordered that determination of the petition be made upon briefs. Briefs have been filed by the petitioner and the respondent, and the matter is currently before this Court for determination.

The basic facts are as follows: On August 15, 1942, petitioner was sentenced by the Court of Adams County to a term of imprisonment of seven and one-half (7½) to fifteen (15) years for robbery. On December 12, 1948, petitioner "escaped" from the State Correctional Institution at Rockview, Bellefonte, Pennsylvania, for which escape he was sentenced by the Court of Centre County to a term of imprisonment of seven and one-half (7½) to fifteen (15) years, to be computed from the expiration of his original 1942 sentence. On February 7, 1950, he was released from serving the original 1942 sentence and re-entered to commence serving the 1948 escape sentence. Subsequently he was released and recommitted for parole violations on two occasions. While still incarcerated in the State Correctional Institution at Rockview, Bellefonte, Pennsylvania, on September 26, 1961, petitioner escaped again. On October 30, 1961, petitioner was sentenced by the Court of Centre County to a term of imprisonment of three (3) to six (6) years, for this second escape, to be computed from the expiration of his 1948 or first escape sentence.

Subsequently petitioner filed a petition for writ of habeas corpus in the Court of Common Pleas of Centre County to test the validity of the 1948 sentence. On April 19, 1966, the Hon. R. Paul Campbell, President Judge of Centre County, held that the 1948 sentence was invalid and illegally imposed, and ordered that petitioner be released and discharged from said 1948 sentence. (Imposed at No. 1 February Sessions, 1949). The basis of his opinion was that petitioner did not violate the statute under which he was convicted and sentenced in 1948, in that the element of breaking prison was absent. See Act of June 24, 1939, P.L. 872, § 309, 18 P.S. § 4309. Thus, the State court concluded, petitioner was sentenced for a crime he did not commit.

Thereafter, petitioner challenged the validity of his 1961 or second escape sentence on the ground that he did not intelligently waive counsel at the time of the imposition of sentence. On July 7, 1966, petitioner was granted leave to withdraw his plea of guilty to the indictment, and, on the same date, he re-entered a plea of guilty thereto and was sentenced by the court to a term of one (1) to two (2) years, to commence and be computed from April 19, 1966. Petitioner's motion to arrest judgment was denied by the Centre County Court, and on December 13, 1966, the Pennsylvania Superior Court affirmed the denial of said motion and the sentence of the Centre County Court. Commonwealth v. Mc-Kee, 209 Pa.Super. 713, 224 A.2d 361 (1966).

The basic question presented herein is whether the 1961 or second escape sentence must be computed from the date it was originally imposed or from April 19, 1966, the date the 1948 or first escape sentence was declared void.[1] In his answer, the District Attorney of Centre County admits that petitioner has exhausted his State remedies.

The Commonwealth argues that under Pennsylvania law, a sentence is effective until set aside and that the 1961 sentence should be computed from April 19, 1966, rather than October 30, 1961, the date of imposition, citing Commonwealth ex rel. Penland v. Ashe, 142 Pa.Super. 403, 17 A.2d 224 (1941), petition dismissed, 341 Pa. 337 (1941). In the Penland case, the Pennsylvania Superior Court stated that where a prisoner escaped from prison while serving an illegal sentence, that the original sentence is effective until set aside and that the sentence for escape commences on the date of entry of the order setting aside the prior sentence.

The Commonwealth, in its brief, also cites the case of Commonwealth ex rel. Nagle v. Smith, 154 Pa.Super. 392, 36 A.2d 175 (1944). In Nagle, the petitioner received consecutive sentences in 1929 on two indictments, Nos. 291 and 224, of five (5) to ten (10) years and three and one-half (3½) to seven (7) years respectively. He was subsequently paroled, having served only one day on the sentence at No. 224. In 1936, he committed other crimes for which he received a sentence that was to commence after the service of the remaining term on No. 224. The Superior Court held that the sentence imposed on bill No. 291 was void and that petitioner had therefore served his sentence on bill No. 224, so there could be no parole therefrom and it was directed that he begin serving the sentence for the 1936 crimes from the date it was imposed. In this case, the Pennsylvania Superior Court gave a person credit for time served under the void sentence toward service of the valid sentence from the time the valid sentence was imposed.

The Commonwealth argues that the Nagle case is distinguishable from the instant case because the defendant therein was on parole when he committed the latest crime. Such a distinction is completely technical. The Nagle case is directly applicable to the instant case. In Nagle, at the time the prisoner was in prison, both a valid sentence and a void sentence had been imposed upon him. The void sentence never should have been imposed because it was imposed over two years after the expiration of the term in which he was indicted and pleaded. The sentence on bill No. 291 was thus declared a nullity. Commonwealth ex rel. Nagle v. Smith, supra, 154 Pa.Super. at 396, 36 A.2d 175. The Court then held that the period he had served on the void sentence at bill No. 291 would be credited toward service of the valid sentence on bill No. 224. Ibid. Thus, the Court concluded, he had actually served the maximum sentence on bill No. 224, so he could no longer be kept in custody under said bill No. 224 and he began service of the sentence for the 1936 crimes from the date it was imposed. This, plain and simple, is giving a prisoner credit toward

1. See generally, Annot. 68 A.L.R.2d 712.

service of a valid sentence from the date of its imposition for time served under a void sentence. It should be noted that in Nagle, the sentence on bill No. 291 was absolutely void and a nullity, i. e., it was impossible under any circumstances to validly sentence the petitioner, as opposed to a sentence which is voidable.[2]

In Brown v. Commissioner of Correction, 336 Mass. 718, 147 N.E.2d 782, 68 A.L.R.2d 708 (1958), the Supreme Court of Massachusetts went beyond the Superior Court of Pennsylvania in Nagle, by holding that a prisoner should receive credit for time served upon an invalid separate sentence which runs consecutively whether the prior conviction was void or voidable. The Court in Brown stated that this is the better and more humane view, but we need not go this far in the instant case, since the prior sentence was clearly void.

A similar result was reached by the First Circuit in Ekberg v. United States, 167 F.2d 380 (1st Cir. 1948). In the Ekberg case, the defendant was indicted on three counts, convicted on all three, and received a three year sentence on count one, a three year consecutive sentence on count two and a three year sentence on count three, concurrent to that imposed on count two. It was held that count one " * * * failed to charge an offense separate and distinct from the offenses set forth in the other two counts, in fact, failed to charge any offense at all. Therefore the [trial] court should not have imposed a separate sentence on count 1, and the time which appellant spent in the penitentiary under that sentence becomes legally referable to the concurrent sentences imposed on counts 2 and 3." Ekberg v. United States, supra, 167 F.2d at 387. It was then stated that since the sentence on count one had been fully served and was for the same term of imprisonment as the concurrent sentences imposed on counts two and three, that he was en-

titled to immediate release from prison. In Ekberg, we also find the situation where no sentence at all could have been imposed and credit being allowed toward service of a valid sentence from the date of its imposition. See Holbrook v. United States, 136 F.2d 649, 652 (8th Cir. 1943); Gant v. United States, 161 F.2d 793, 797 (5th Cir. 1947).

■ The result of giving credit toward service of a valid sentence from the date it was imposed for time served on a prior void sentence would appear to be the only sensible and just solution in such a situation. If at the time a person is serving a sentence which is utterly void, he has been or is sentenced on another charge to run consecutive to the void sentence, he should be credited for the time served under the void sentence from the date of the imposition of the valid sentence. Barrow v. State of North Carolina, 251 F.Supp. 612 (E.D. N.C.1965).

In United States ex rel. Watson v. Commonwealth, 260 F.Supp. 474 (E.D. Pa.1966), the District Court indicated that although one is not entitled to accumulated prison credits for all time served under vacated sentences, that credit would be given toward a valid sentence from the date of its imposition rather than from the date the prior sentence was declared invalid. The Court in Watson stated:

"Thus, it would seem that, in view of the invalidity of the 1948 sentence, the first 1964 sentence will now be computed from the date of its imposition,—March 6, 1964,—instead of from February 4, 1966, when we declared the 1948 sentence invalid." 260 F. Supp. at 475.

In making this statement the Court was construing what the Pennsylvania Supreme Court held in Commonwealth ex rel. Ulmer v. Rundle, 421 Pa. 40, 218 A.2d 233 (1966). In Ulmer, the petitioner had been sentenced in 1959, but

**2.** See Commonwealth v. Mackley, 380 Pa. 70, 75, 110 A.2d 172 (1955), as to the distinction between voidable and void

sentences. Also see Annot. 68 A.L.R.2d 712, 721, in reference to void prior sentences and the Nagle case.

at the time he filed a petition for writ of habeas corpus attacking the 1959 sentence he was in custody under a valid sentence imposed in 1961 consecutive to the 1959 sentence. The Commonwealth argued that since the 1959 sentence had been served, the question as to its validity was moot and the court was powerless to grant relief. The Pennsylvania Supreme Court disagreed, stating:

"While it is true that Ulmer is not now confined on the 1959 invalid judgment, the duration of his imprisonment on the valid judgments entered in 1961 is substantially affected, and will be extended illegally for a period of many months as a result of the sentence imposed in 1959. If the latter is allowed to stand unimpeached, the first valid sentence imposed on June 13, 1961, will be computed from the expiration date of the invalid 1959 sentence, and its commencement and expiration dates illegally delayed. * * Ulmer is legally entitled to seek relief from imprisonment beyond the correct expiration date of the lawful sentences imposed." Id. at 43–44, 218 A.2d at 234.

See Youst v. United States, 151 F.2d 666 (5th Cir. 1945); Commonwealth ex rel. Townsend v. Burke, 361 Pa. 35, 42, 63 A.2d 77 (1949).

■ In the instant case, McKee was sentenced in 1948 for a crime he could not have committed. The imposition of the 1961 sentence was made consecutive to the 1948 sentence. From October 30, 1961, the date the valid 1961 sentence was imposed, until April 19, 1966, the date the 1948 sentence was declared void, petitioner was serving the void 1948 sentence. Now he is told that even though the 1948 sentence is void, he will receive no credit for the time served thereunder, even though there was another outstanding sentence from October 30, 1961, until April 19, 1966. This is clearly in violation of the due process clause of the Fourteenth Amendment and contrary to the Ulmer and Nagle cases. The present sentence being served by

petitioner must be computed from the date of its imposition, October 30, 1961. The 1948 sentence is void and petitioner could not have committed the crime for which he was sentenced. The time which he served from October 30, 1961, to April 19, 1966, should be credited to the 1961 sentence.

If nothing else had happened after April 19, 1966, McKee's maximum term would expire on October 29, 1967. However, as stated above, on July 7, 1966, petitioner was granted leave to withdraw his guilty plea to the 1961 escape on the ground that he did not intelligently waive counsel at the time of the imposition of sentence. On the same date, July 7, 1966, he re-entered a plea of guilty and was resentenced to a term of imprisonment of one (1) to two (2) years. The Court of Centre County ordered that the sentence be computed from April 19, 1966. Thus we are presented again with the problem of from when the sentence for escape in 1961 should be computed.

The Commonwealth argues that petitioner withdrew his guilty plea on July 7, 1966, and that he was entitled to credit only from April 19, 1966, the date of the Order declaring the 1948 sentence void. Again the Commonwealth claims that April 19, 1966, is the date that petitioner began serving the 1961 escape sentence and that there can be no other credit allowed. It appears that the Commonwealth concedes that petitioner is entitled to some credit because of 19 P.S. § 898, which statute gives persons mandatory credit for the time spent in custody prior to the imposition of sentence.

■ Since this Court is of the opinion that petitioner must be credited with the time served since October 30, 1961, rather than from April 19, 1966, and since the term of imprisonment has been reduced to one (1) to two (2) years, the petitioner is now entitled to be released from prison. He has served more than the maximum term of his reduced 1961 escape sentence. The 1948 sentence was declared void and a nullity, thus his

incarceration for the 1961 sentence must be computed from October 30, 1961, the date he was originally sentenced. The fact that this sentence was reduced on July 7, 1966, does not alter this conclusion. The only effect the reduction has is to entitle McKee to be released now instead of October 29, 1967.

Accordingly, the petition for writ of habeas corpus will be granted, but the Commonwealth will be given opportunity to appeal from this grant of the writ. Execution of the writ will, therefore, be stayed for a period of twenty (20) days and if at the end of that period of time the Commonwealth has not appealed, the writ will be executed and the petitioner will be released.

