Commonwealth *v.* Sprenkle, Appellant.

Submitted June 10, 1968. Before WRIGHT, P. J., WATKINS, MONTGOMERY, JACOBS, HOFFMAN, SPAULDING, and HANNUM, JJ.

*George W. Sprenkle,* appellant, in propria persona.

*Jay L. Benedict,* District Attorney, for Commonwealth, appellee.

OPINION BY SPAULDING, J., September 12, 1968:

This is an appeal from re-sentence of conviction in the Court of Oyer and Terminer of Franklin County.

On February 6, 1959, the court imposed concurrent sentences of 2 1/2 to 5 years on appellant's conviction on charges of burglary and larceny. After serving some time on these sentences he was paroled. On July 31, 1964, more than 5 years after the imposition of the sentences, appellant, having been convicted of other burglary and larceny charges, was sentenced to two concurrent terms of 7 to 20 years. At the same time appellant was committed to the custody of the State Board of Parole as a parole violator, to serve the remainder of the 1959 sentence. On February 19, 1965, the 1959 sentences were vacated and, nine days later, the court granted appellant's motion to quash, since the maximum of 5 years for the 1959 sentences had already expired when appellant was sentenced for the 1964 crimes and there was no probation in effect which could have been revoked. In an attempt to correct the resulting inequity, the court entertained a motion to amend the 1964 sentences to take into account eight months imprisonment served by appellant

on the "parole revocation" before it was vacated. The 7 to 20 year sentences were then amended to 6 to 20 years. This appeal followed.

The Commonwealth contends that the trial judge has the power of resentencing in this instance even in the face of the general rule "that a Court has no authority to alter a sentence, either by increasing or reducing the punishment imposed, after the expiration of the term at which the defendant was convicted." *Commonwealth v. Downer,* 161 Pa. Superior Ct. 339, 342, 53 A. 2d 897, 899 (1947). It is the view of the court below that this situation more resembles that reflected in *Commonwealth ex rel. Elliott v. Baldi,* 373 Pa. 489, 96 A. 2d 122 (1953), where the court permitted resentencing, holding "that habeas corpus will lie, if the Court has imposed a sentence on the basis of facts or assumptions concerning defendant's criminal or psychiatric or psychological record which were materially untrue and which cannot be justified upon the record and which defendant had no reasonable means or opportunity to call to the Court's attention." 373 Pa. at 494, 96 A. 2d at 125. In the *Elliott* case, *supra,* the evidence referred to was an affidavit to the effect that, due to an incurable mental disease, the court-appointed psychiatrist had been committed approximately two years after appellant had been sentenced to the death penalty. Although approving the rule of law in *Elliott,* the court affirmed the denial of a habeas corpus hearing for other reasons. The *Elliott* case will not support the action of the court below in the case at bar. There are no facts forming the basis of the 1964 sentences which were materially untrue and essentially the same sentence was reinstated after the void parole revocation was quashed.

Were this opinion to terminate at this point we would be impelled to vacate the order of the court

below and reinstate the concurrent 7 to 20 year sentences originally imposed. However, it is incumbent upon this court to consider the impact of the initial void sentence upon the subsequent valid sentence.

In *Commonwealth ex rel. Nagle v. Smith,* 154 Pa. Superior Ct. 392, 396, 36 A. 2d 175 (1944), this court, in a similar factual situation stated: "[W]hen relator was arrested and committed to the penitentiary . . . he was not on parole from any previous sentence, and therefore he was not a parole violator. . . . The sentences imposed upon him [for the equivalent of the 1964 offenses in the instant case] became operative the day they were imposed . . . and it is to be recorded that he is serving these sentences from that date." See also *Commonwealth ex rel. Ulmer v. Rundle,* 421 Pa. 40, 218 A. 2d 233 (1966); *Commonwealth ex rel. Leuw v. Myers,* 38 Pa. D. & C. 2d 140 (C.P. York Co., 1965); *U. S. ex rel. McKee v. Maroney,* 264 F. Supp. 684 (M.D. Pa., 1967).

The record is remanded to the court below with instructions that the amended sentence be vacated, the original sentence reinstated, and computation of that sentence begin from the date of its original imposition.