## Commonwealth ex rel. Sparks, Appellant, *v.* Russell.

Submitted March 20, 1961. Before JONES, C. J., BELL, MUSMANNO, JONES, COHEN, BOK, and EAGEN, JJ.

*Roy R. Sparks,* appellant, in propria persona.

*Frank P. Lawley, Jr.,* Deputy Attorney General, and *Anne X. Alpern,* Attorney General, for appellee.

OPINION PER CURIAM, April 17, 1961:

This is an appeal in forma pauperis by the relator from the judgment of the court below denying his petition for a writ of mandamus directed to the superintendent of the correctional institution where he is presently incarcerated and to the Pennsylvania Board of Parole. The following opinion for the court below abundantly justifies its action in the premises.

"The petitioner is a prisoner at the State Correctional Institution at Huntingdon, Pennsylvania, and has filed a petition propria persona in forma pauperis wherein he complains that he is being illegally and unlawfully detained by the Pennsylvania Parole Board

and the Warden of the aforesaid prison. The Attorney General has filed a preliminary objection in the nature of a demurrer to the petition averring that the plaintiff does not state a valid cause of action.

"The petitioner was sentenced on September 26, 1949 by the Crawford County Court of Oyer & Terminer to a term of not less than two and one-half (2½) years nor more than ten (10) years in the Western State Penitentiary to commence and be computed from August 26, 1949. He was released on parole May 21, 1952 after having served two (2) years, eight (8) months and twenty-five (25) days.

"On June 14, 1954 he was arrested in Ohio on the charge of attempted burglary. At that time a detainer was lodged against him by the Pennsylvania Parole Board. On October 13, 1954 an Ohio court of competent jurisdiction placed him on probation for a period of five (5) years and his parole was reinstated by the Pennsylvania Parole Board. He was placed under the supervision of the Ohio state parole authorities. The record indicates that on December 13, 1954 he absconded from supervision and on March 15, 1956 was arrested in Michigan and returned to the Ohio state authorities as a parole violator. His Ohio parole was revoked and he was sentenced by the Ohio court to a term of not less than one (1) year nor more than fifteen (15) years. On April 10, 1959 he was returned by the Ohio authorities to the Pennsylvania Parole Board and was recommitted to the Western State Penitentiary as a parole violator.

"The petitioner became a convicted parole violator on June 14, 1954 when he was arrested in Ohio for attempted burglary because he was subsequently convicted of that offense. Because of that conviction the Pennsylvania Board of Parole, in its discretion, was authorized to recommit petitioner as a convicted parole violator and forfeited any credit for the time he was

at liberty on parole, Act of August 6, 1941, P.L. 861, §21.1 added 1951, August 24, P.L. 1401, §5, as amended 1957, June 28, P.L. 429, §1; 61 P.S. §331.21a (pocket parts).

"The parole of a prisoner at the expiration of his minimum term is not a matter of right, it is a matter of grace and mercy and the granting, reinstatement and revocation of parole is within the exclusive jurisdiction of the Parole Board, Commonwealth ex rel. Nornhold v. Day, 67 Dauphin 1 (1954).

"A parole is not an act of clemency but a penological measure for the disciplinary treatment of prisoners who seem capable of rehabilitation outside of prison walls; it does not set aside or affect the sentence and the convict remains in the legal custody of the state and under the control of its agents, subject at any time for breach of condition, to be returned to the penal institution, Commonwealth ex rel. Banks v. Cain, 345 Pa. 581, 585 (1942).

"A prisoner on parole is still in the legal custody of the warden of the institution from which he was paroled and he is under the control of the warden until expiration of the term of his sentence. While this is an amelioration of the punishment, it is in legal effect an imprisonment, and a parolee may be apprehended for a parole violation without any warrant being issued for his arrest, Commonwealth ex rel. Klinefelter v. Pennsylvania Board of Parole, 65 Dauphin 195 (1953).

"When the petitioner was placed on probation by the Ohio court, the reinstatement of the petitioner's parole by the Pennsylvania Board of Parole was subject to the condition of future good conduct.

"When the relator was granted a parole he was simply released from prison on specified conditions; his release was at all times revocable for breach of its conditions with the effect which the Act prescribes for his misconduct, Commonwealth ex rel. Carmelo v.

324

Burke, 168 Pa. Superior Ct. 109, 117, 118 (1951), and it was within the discretionary power of the Board to revoke the reinstatement of the petitioner's parole at the time his probation was revoked by the Ohio authorities.

"Under Pennsylvania law, the Board of Parole has wide discretion as to recommittal or continuance on parole of parolee regardless of whether he has been convicted during his parole of another crime or has been guilty of a technical parole violation only, U.S. ex rel. Bogish v. Tees, 211 F. 2d 69 (1954).

"At the time the reinstated parole of the petitioner was revoked, he had seven (7) years, three (3) months and five (5) days to serve on his maximum sentence which would extend his maximum term to July 15, 1966. He, therefore, is not being illegally and unlawfully detained by the Pennsylvania Parole Board and the Warden of the State Correctional Institution at Huntingdon, Pennsylvania."

Judgment affirmed.