## Commonwealth ex rel. Soudani, Appellant, *v.* Maroney.

Submitted December 12, 1962. Before RHODES, P. J., ERVIN, WRIGHT, WOODSIDE, WATKINS, MONTGOMERY, and FLOOD, JJ.

*Sami H. Soudani,* appellant, in propria persona.

*Eugene G. Kitko,* District Attorney, for appellee.

OPINION BY ERVIN, J., March 19, 1963:

Appellant, Sami H. Soudani, has appealed from an order of the court below dismissing his petition for a writ of habeas corpus. The appellant was tried in the Court of Quarter Sessions of the court below and on February 11, 1959 he was found guilty of assault and battery with intent to kill; on April 21, 1959 he was sentenced to a term of 3½ to 7 years in the Eastern State Penitentiary (now designated as State Correctional Institution), the sentence beginning as of December 24, 1958. His petition for habeas corpus was

filed September 13, 1962, which was approximately three months after the end of his minimum term. On July 2, 1962 the Pennsylvania Board of Parole refused to parole the appellant. A note was appended to its order stating that the case would be reviewed in nine months, which would be January 1963.

In *Com. ex rel. Sparks v. Russell,* 403 Pa. 320, 323, 169 A. 2d 884, our Supreme Court quoted with approval what was said in *Com. ex rel. Nornhold v. Day,* 67 Dauphin 1, as follows: " 'The parole of a prisoner at the expiration of his minimum term is not a matter of right, it is a matter of grace and mercy and the granting, reinstatement and revocation of parole is within the exclusive jurisdiction of the Parole Board. . . .' " See also *Com. ex rel. Hendrickson v. State Board, of Parole,* 409 Pa. 204, 207, 208, 185 A. 2d 581.

The case of *Com. ex rel. Nornhold v. Day,* supra, was a petition for a writ of mandamus against the Pennsylvania Board of Parole. In that case, at page 3, the Dauphin County Court said: "Where a person is in legal custody under valid sentence, the Court cannot review the action of the Parole Board in denying him a parole after the expiration of his minimum sentence, nor can we pass upon the fairness or impartiality of his hearing before the Parole Board. This is a matter of administrative discretion by the Parole Board over which the Court exercises no control: Commonwealth ex rel. Biglow v. Ashe et al., 348 Pa. 409 (1944) ; Commonwealth ex rel. DiCamillo v. Burke, 172 Pa. Superior Ct. 10 (1952) ; Commonwealth ex rel. Williamson v. Burke, 172 Pa. Superior Ct. 39, 43 (1952) ; Eccles v. Pennsylvania Board of Parole, 65 Dauphin 50, 52 (1953) ; Commonwealth ex rel. Klinefelter v. Pennsylvania Board of Parole, 65 Dauphin 195, 197 (1953)." See also *Com. ex rel. Patrick v. Banmiller,* 194 Pa. Superior Ct. 511, 168 A. 2d 798, in which we stated that a prisoner is not entitled to a writ of ha-

beas corpus unless he can show the right to be discharged or released on bail. This the prisoner cannot do. See *Com. v. Soudani*, 193 Pa. Superior Ct. 353, 165 A. 2d 709.

Order affirmed.