M. Junior WELCH, Petitioner-Appellant,

v.

T. W. MARKLEY, Warden, United States
Penitentiary, Terre Haute, Indiana,
Defendant-Appellee.

No. 14695.

United States Court of Appeals
Seventh Circuit.

Nov. 20, 1964.

M. Junior Welch, pro se.

Richard P. Stein, U. S. Atty., Charles S. White, Asst. U. S. Atty., Indianapolis, Ind., for appellee.

Before DUFFY, KILEY, and SWYGERT, Circuit Judges.

SWYGERT, Circuit Judge.

Petitioner M. Junior Welch, a prisoner confined in the United States Peniten-tiary at Terre Haute, Indiana, appeals from the district court's denial of his application for a writ of habeas corpus.

On December 7, 1961, petitioner was sentenced by the district court for the Eastern District of Oklahoma to five years imprisonment upon his plea of guilty to a Dyer Act violation. The court suspended the sentence and placed petitioner on probation for a period of five years. On June 25, 1962, the Oklahoma district court revoked probation and ordered that petitioner serve a three-year prison sentence. Petitioner began serving this three-year sentence on June 25, 1962, and was sent to the Federal Correctional Institution at Seagoville, Texas.

On August 23, 1962, petitioner escaped from the Seagoville institution. He was captured at Kimble, Nebraska, on September 3, 1962. Thereafter on November 23, 1962, he appeared in the district court for the District of Nebraska with court-appointed counsel and entered a guilty plea to four one-count indictments. Petitioner was given a one year and one day sentence for a violation of 18 U.S.C. § 751, and also three five-year sentences under the remaining indictments charging respectively violations of 18 U.S.C. §§ 751 and 2312 and 15 U.S.C. § 902(g). The Nebraska district court ordered the three five-year sentences to be served concurrently but consecutively to the year and one day sentence. The court ordered that section 4208(a) (2) of the Criminal Code, 18 U.S.C. § 4208(a) (2),[1] should apply to the five-year sentences.

Petitioner's application for writ of habeas corpus is presented in a confusing fashion and is difficult to understand. Apparently, he contends that the Parole Board has not performed, or has improperly performed, its duties under section 4208(a) (2) or that the five-year sentences, being subject to the provisions of that section, are void.

1. Section 4208(a) (2) reads:
"(a) Upon entering a judgment of conviction, the court having jurisdiction to impose sentence, when in its opinion the ends of justice and best interests of the public require that the defendant be sentenced to imprisonment for a term ex-ceeding one year, * * * (2) the court may fix the maximum sentence of imprisonment to be served in which event the court may specify that the prisoner may become eligible for parole at such time as the board of parole may deter-mine."

Whatever petitioner's contentions are with reference to the five-year sentences and the application of section 4208(a)(2), it is clear from the record that the three-year sentence imposed by the Oklahoma district court was not subject to the provisions of section 4208(a)(2). It is also clear that petitioner is presently legally confined in prison pursuant to the three-year sentence which began June 25, 1962. The validity of that sentence is not attacked by petitioner. Therefore, regardless of any possible valid objection to the subsequent sentences or to the Parole Board's actions in respect thereto, petitioner is under proper legal restraint and is not entitled to a writ of habeas corpus. The writ may not be invoked to secure judicial determination of questions which, even if determined in petitioner's favor, could not affect the lawfulness of his custody or effect his release. McNally v. Hill, 293 U.S. 131, 55 S.Ct. 24, 79 L.Ed. 238 (1934).

The denial of the application for the writ is affirmed.