### UNITED STATES of America ex rel. Milton BOWERS

v.

### A. T. RUNDLE, Superintendent, State Correctional Institution, Philadelphia, Pennsylvania.

### Misc. 2866.

United States District Court E. D. Pennsylvania.

Feb. 17, 1965.

Charles F. G. Smith, Philadelphia, Pa., for relator.

Patrick F. Casey, Asst. Dist. Atty., for respondent.

VAN DUSEN, District Judge.

The Petition For A Writ of Habeas Corpus filed in the above case alleges that it is being filed in compliance with the order of this court dated January 29, 1964, in Misc. No. 2656 (par. 3 of Document 1). The comment to that order, as well as the photostatic copies of the state court commitment orders attached to the letter from counsel for relator dated January 19, 1965, which is being attached to this Memorandum, make clear that relator received these two sentences on June 13, 1962:

A. On Bill No. 1075 (May Term, 1962, Court of Oyer and Terminer, General Jail Delivery, and Quarter Sessions of the Peace, for the City and County of Philadelphia), "undergo imprisonment * * * for a term of not less than two and a Half (2½) years nor more than Five (5) years * * *."

B. On Bill No. 1664 (March Term, 1962, Court of Oyer and Terminer, General Jail Delivery, and Quarter Sessions of the Peace, for the City and County of Philadelphia), "undergo imprisonment * *

for a term of not less than two and a Half (2½) years nor more than Five (5) years * * * to begin at expiration of sentence on bill 1075 May 62 * * *."

Relator takes the position that the sentence under Bill No. 1664, which is the only one he challenges, "became mature on 11–8–64" (par. 3, of Document 1). In paragraph 3 of respondent's Amended Answer (Document 8), respondent alleges:

"Relator is incarcerated by reason of the sentence imposed on Bill No. 1075, May Term, 1962, which will expire on May 8, 1967. Therefore, the allegations that the sentence became effective and became mature on this Bill on November 28, 1964 are denied and incorrect and the present Petition for a Writ of Habeas Corpus on Bill 1664, March Term, 1962 is submitted to the Honorable Court prematurely as his present incarceration is by reason of a legal sentence * * *."

The authorities cited by relator's counsel do not support his position.

Since there has been no application to the Pennsylvania Parole Board for parole, which can only be granted by that Board [see Com. ex rel. Soudani v. Maroney, 200 Pa.Super. 254, 256, 188 A.2d 780 (1963)],[1] relator is still confined under Bill No. 1075 as far as the evidence in this record indicates. Under these circumstances, cases such as McNally v. Hill, Warden, 293 U.S. 131, 55 S.Ct. 24, 79 L.Ed. 238 (1934), require denial of the Petition at this time. In that case, petitioner assailed the conviction and sentence on the third count of a three-count indictment, claiming that his consideration for parole under the sentences imposed on the first two counts was precluded by the outstanding, but void, sentence on the third count. The court concluded that the petitioner was not asking for immediate release but only for a ruling to establish his eligibility for parole, and affirmed the decision of the lower court denying the writ.

The cases relied on by relator[2] at the bottom of page 2 and top of page 3 of his letter of January 19, 1965, do not refute the contention that relator is presently still confined under Bill No. 1075.

In the case of Ex parte Hull, 312 U.S. 546, 61 S.Ct. 640, 85 L.Ed. 1034 (1940), parole was revoked only because of the petitioner's second conviction, before which time he had been at liberty. The facts of the Hull case, supra, differ significantly from those of the instant case, where relator's liberty would not be assured even if his second conviction were voided.

The able argument of relator's counsel, announcing his view of the procedures of the Pennsylvania Parole Board, must be substantiated at least by some official statement of that Board, in view of the position taken in the Amended Answer (Document 8) and the failure of relator to cite any case, statute or regulation supporting his position.[3]

### ORDER

And now, February 17, 1965, it is ordered that the petition for writ of habeas corpus is denied, without prejudice to relator's right to file an Amended Petition after prompt exhaustion of his remedies before the Pennsylvania Parole Board, if such action becomes appropriate as the result of Parole Board action.

---

1. This case quotes the following language appearing in Com. ex rel. Sparks v. Russell, 403 Pa. 320, 323, 169 A.2d 884, 885 (1961):

   " 'The parole of a prisoner at the expiration of his minimum term is not a matter of right, it is a matter of grace and mercy and the granting, reinstatement and revocation of parole is within the exclusive jurisdiction of the Parole Board.' "

2. The cases cited in the middle of page 2 of the letter of 1/19/65 merely discuss the Act, June 25, 1937, P.L. 2093 (19 P.S. § 897), and are not persuasive.

3. Respondent's Memorandum of Law is also attached to this Memorandum.