**UNITED STATES of America ex rel. Franklin Delano CHILCOTE**

v.

**James F. MARONEY, Superintendent, State Correctional Institution.**

**Civ. No. 65-929.**

United States District Court
W. D. Pennsylvania.

Oct. 18, 1965.

On Rehearing Nov. 5, 1965.

Franklin Delano Chilcote, pro se.

Amos Davis, Asst. Dist. Atty., Hollidaysburg, Pa., for respondent.

MARSH, District Judge.

The relator, Franklin Delano Chilcote, has filed, in forma pauperis, a petition for writ of habeas corpus challenging his conviction and sentence following a plea of guilty at Nos. 33 and 34 January Term, 1952, Court of Oyer and Terminer, Blair County, Pennsylvania. He alleges a denial of the right to counsel, and avers that he did not waive same.

A rule to show cause was issued and the District Attorney of Blair County was directed to submit the records required by Rule 16(g), Rules of Court, W.D.Pa.

In his petition to this court, relator alleges that he filed a petition for the writ in the Court of Common Pleas of Blair County, Pennsylvania, presenting the same issue which he raises here and that no disposition was ever made of that petition.[1]

A prior petition for writ of habeas corpus filed with this court at Civil No. 64–1231 was dismissed because it appeared that a petition in the state court was pending and no exhaustion of state remedies was alleged. Relator thereafter filed a Petition for Writ of

Mandamus with the Supreme Court of Pennsylvania praying for an order directing the Court of Common Pleas of Blair County to dispose of the petition there filed. Relator alleges that the Supreme Court denied his petition on December 21, 1964. In my opinion, relator has exhausted his state remedies. Fay v. Noia, 372 U.S. 391, 83 S.Ct. 822, 9 L.Ed.2d 837 (1963).

Respondent's Answer to the relator's petition discloses that relator was "reparoled on a previous sentence" on October 27, 1964, and immediately began serving concurrent sentences at Nos. 2, 3, and 4 January Sessions, 1962, Court of Oyer and Terminer, Blair County, Pennsylvania.

Assuming that the "previous sentence" referred to by respondent was the sentence imposed at Nos. 33 and 34 January Term, 1952, the relator is in custody pursuant to the conviction he now challenges. Jones v. Cunningham, 371 U.S. 236, 83 S.Ct. 373, 9 L.Ed.2d 285 (1963). At the same time, however, relator is in custody pursuant to convictions and sentences, the legality of which are not here questioned. The situation presented, therefore, is not unlike a challenge against one of two sentences being served concurrently. In such a situation it is well settled "that habeas corpus will not lie when the prisoner will not be entitled to immediate release if there is a determination in his favor in the proceeding." Wood v. Crouse, 327 F.2d 81 (10th Cir. 1964). The relator's petition will be denied.

An appropriate order will be entered.

### On Petition for Rehearing

The relator has filed a Petition for Rehearing * in which he contends that the sentences at Nos. 33 and 34 January Term, 1952, Court of Oyer and Terminer,

---

1. The records of the state court submitted pursuant to Rule 16(g) confirm this allegation. See: certified copy of docket entries at No. 22 October Term, 1963, Court of Common Pleas, Blair County, Pennsylvania.

* On October 18, 1965, an opinion and order was entered denying relator's original petition for a writ of habeas corpus.

Blair County, Pennsylvania, are void. He does not deny that he is presently serving sentences imposed at Nos. 2, 3, 4 January Term, 1963, the validity of which are not here questioned.

The gravamen of relator's petition seems to be that his right to apply for state parole has been abridged by the alleged illegal sentences in 1952. He urges that if the 1952 sentences were adjudged void, he would be eligible to apply for immediate parole consideration. It has been decided that habeas corpus cannot be granted to afford a prisoner such an opportunity. Holiday v. Johnston, 313 U.S. 342, 550, 61 S.Ct. 1015, 85 L.Ed. 1392 (1941); McNally v. Hill, 293 U.S. 131, 55 S.Ct. 24, 79 L.Ed. 238 (1934).

In McNally v. Hill, supra, p. 136, 55 S.Ct. p. 26, it was held that the "only judicial relief authorized [by habeas corpus] was the discharge of the prisoner or his admission to bail", and that where a valid sentence remains to be served, habeas corpus may not be used to inquire into the lawfulness of another sentence.

■■ Analogous to McNally, the relator asks here only a ruling which will establish his right to apply for state parole because of the invalidity of the 1952 sentences. However, habeas corpus will not be available if the vacating of the invalid sentences will only make the relator eligible for parole on the valid sentences. For even if the issue were decided in relator's favor, it would not result in his immediate release from custody. The Pennsylvania Board of Parole, under the laws of the Commonwealth,[2] is given wide discretion in the granting or denial of parole, and release of a pris-

oner prior to the expiration of his maximum sentence is purely a matter of grace wholly within the discretion of the parole board which must decide whether or not the prisoner is a good risk for release on parole. Hendrickson v. Pennsylvania State Board of Parole, 409 Pa. 204, 185 A.2d 581 (1962); Commonwealth ex rel. Soudani v. Maroney, 200 Pa.Super. 254, 188 A.2d 780 (1963). Moreover, it is doubtful whether release on parole, even if a matter of right, is within the purview of the relief authorized by the writ of habeas corpus since it has been held by the Supreme Court of the United States that a prisoner on parole is, nevertheless, subject to significant restraints not imposed on the public generally. Jones v. Cunningham, 371 U.S. 236, 242, 83 S.Ct. 373, 9 L.Ed.2d 285 (1963). Similarly, the Pennsylvania Supreme Court has held that parole does not set aside or affect a sentence, and the prisoner remains in the legal custody of the state and under the control of its agents. Hendrickson v. Pennsylvania State Board of Parole, supra; Commonwealth ex rel. Banks v. Cain, 345 Pa. 581, 28 A.2d 897, 143 A.L.R. 1473 (1942). Thus, if actual release on parole is not an authorized remedy under habeas corpus, it follows that the right to apply for parole, which relator alleges will accrue if the 1952 sentences are held invalid, is not authorized either.[3] The writ of habeas corpus may not be invoked to secure judicial determination of questions which, even if determined in relator's favor, could not affect the lawfulness of his custody or effect his release. Welch v. Markley, 338 F.2d 561 (7th Cir. 1964).

An appropriate order will be entered.

2. 61 Purdon's Pa.Stat.Ann., §§ 331.21, 331.-21a.

3. "The ruling sought is such as might be obtained in a proceeding brought to mandamus the Parole Board to entertain his petition for parole, if the sentence * * * were void for want of jurisdiction of the court to pronounce it." McNally v. Hill, supra, 293 U.S. p. 140, 55 S.Ct. p. 28.