David ROBINSON

v.

Robert A. LARGENT, Parole
Officer, et al.

Civ. A. No. 68–1280.

United States District Court,
E. D. Pennsylvania.

Feb. 24, 1970.

S. Asher Winikoff, Deputy Atty. Gen., Harrisburg, Pa., for defendants.

## OPINION

LUONGO, District Judge.

David Robinson, a state prisoner, filed this complaint [1] under the Civil Rights Act, 42 U.S.C. § 1981 et seq., seeking damages for alleged violations of his constitutional rights. The defendants are Robert A. Largent, his parole officer, Theodore H. Reiber and William F. Butler, members of the Pennsylvania Board of Probation and Parole, and Paul J. Gernert, chairman of the Pennsylvania Board of Probation and Parole (Board). Presently before the Court are motions for summary judgment under Rule 56, F.R.Civ.P., filed on behalf of all defendants.

Robinson contends that the defendants conspired to hinder and obstruct his right

1. One of several suits he has filed in this Court:

U. S. A. ex rel. David Robinson v. Commonwealth of Pennsylvania, et al, Misc. No. 2958, Petition for Writ of Habeas Corpus;

David Robinson v. Robert A. Largent, et al, Civil Action No. 68–1280, Civil Rights Complaint;

David Robinson v. Patrick N. Bolsinger, Prothonotary, Civil Action No. 69–8, Civil Rights Complaint;

David Robinson v. Joseph P. Maher, et al, Civil Action No. 69–1007, Civil Rights Complaint.

to bail guaranteed by the Eighth Amendment in that they illegally lodged a detainer warrant against him after he had been arrested on charges of burglary, larceny and receiving stolen property while he was on parole. Plaintiff does not attack the Board's power to lodge a detainer warrant if certain conditions of parole are violated, nor does he assert that he had a right to bail after being confined for violating his parole. See 61 P.S. § 305 and Sartain v. Pitchess, 368 F.2d 806 (9th Cir. 1967), cert. denied, 386 U.S. 1025, 87 S.Ct. 1384, 18 L.Ed.2d 466, reh. denied, 387 U.S. 938, 87 S.Ct. 2060, 18 L.Ed.2d 1008 (1967), cert. denied, 390 U.S. 928, 88 S.Ct. 864, 19 L.Ed. 2d 990 (1968); Nuccio v. Heyd, 299 F. Supp. 939 (E.D.La.1969); Jones v. Board of Probation and Parole, 281 F.Supp. 62 (E.D.Pa.1968); United States ex rel. Gomori v. Maroney, 196 F.Supp. 190 (W. D.Pa.1961), aff'd 300 F.2d 755 (3d Cir. 1962); Commonwealth ex rel. Sparks v. Russell, 403 Pa. 320, 169 A.2d 884 (1961). He argues instead that the issuance of the warrant and the Board's subsequent refusal to rescind it violated his rights under the equal protection clause of the Fourteenth Amendment because in some similar cases involving other parolees under its jurisdiction, the Board has refused to lodge a detainer warrant, or has rescinded the warrant so that the parolee might gain his release after posting bail on the new criminal charges. Robinson concludes that the Board's failure to follow that procedure in his case is discriminatory and violated his right to the equal protection of the laws, preventing him from being released on bail.

Defendants are entitled to entry of summary judgment in their favor.

■ Defendants Reiber, Butler and Gernert are all members of the Board and, as such, they are immune from suit for damages under the Civil Rights Act. Villalobos v. Dickson, 406 F.2d 835 (9th Cir. 1969); Silver v. Dickson, 403 F.2d 642 (9th Cir. 1968), cert. denied, 394 U.S. 990, 89 S.Ct. 1477, 22 L.Ed.2d 765 (1969); Paige v. Pennsylvania Board of Parole, C.A. No. 69–2150 (E.D.Pa., filed January 8, 1970); Simmons v. Maslysnky, 45 F.R.D. 127 (E.D.Pa.1968).

■ Similarly, defendant Largent is immune from suit for damages under the Civil Rights Act if his actions in regard to plaintiff's continued imprisonment under the detainer warrant were part of his functions as a quasi-judicial officer. A parole officer is acting as a judicial officer if he is performing discretionary duties within the framework of a quasi-judicial process. See Friedman v. Younger, 282 F.Supp. 710 (C.D. Cal.1968); Belveal v. Bray, 253 F.Supp. 606 (D.Colo.1966).

■ In Pennsylvania, as in most states, the Board of Probation and Parole is vested with exclusive jurisdiction to grant, revoke, or reinstate parole.[2] Commonwealth ex rel. Hendrickson v. Pennsylvania State Board of Parole, 409 Pa. 204, 185 A.2d 581 (1962); Commonwealth ex rel. Soudani v. Maroney, 200 Pa.Super. 254, 188 A.2d 780 (1963). In those cases where a parolee has been charged with having committed a crime, revocation proceedings (a quasi-judicial function) are initiated by a detainer warrant. 61 P.S. § 305. The Board's agents are obliged to lodge the warrant at the appropriate place. Once the procedure has begun, the parole officer who is following his prescribed duties to aid the Board in its decision making process, is acting as a judicial officer, and hence, has the immunity which is granted to all judicial officers. See Friedman v. Younger, *supra.*

■ In the instant case, Robinson states that Largent lodged the detainer warrant against him and subsequently refused to recommend the rescission of

---

2. The Board's power, of course, is not absolute. Due process requires that the Board not act arbitrarily or capriciously. In the case at hand, the Board initiated proceedings against Robinson only after he was arrested. Under such circumstances the Board did not violate plaintiff's rights under the due process clause. See Dunn v. California Dept. of Corrections, 401 F.2d 340 (9th Cir. 1968).

the warrant when it was within Largent's power to do so. The facts clearly indicate, therefore, that Largent's conduct related to his duties with the Board to aid it in its review of Robinson's parole.[3] Under these facts, Largent is protected by judicial immunity from suit for damages under the Civil Rights Act.

Since all defendants are immune from suit for damages under the Civil Rights Act, summary judgment will be entered in their favor.

---

3. Robinson was granted a hearing before the Board, as required by Pennsylvania law (61 P.S. § 331.21a) within a short time after his arrest. At that hearing, the Board revoked Robinson's parole. Robinson eventually pleaded guilty to the crimes of burglary, larceny, and receiving stolen goods which had led to his arrest, and eventually the detainer warrant. "Affidavit of Gladys A. Comstock, Secretary of the Board of Probation and Parole;" admitted in plaintiff's "Brief".