John MYERS

v.

Francis BENDUS, Parole Agent
and
Paul J. Gernert, Board Chairman.

Civ. A. No. 70–788.

United States District Court,
E. D. Pennsylvania.

June 5, 1972.

John Myers, pro se.

Michael Luber, Pennsylvania Dept. of Justice, Philadelphia, Pa., for respondents.

OPINION AND ORDER

MASTERSON, District Judge.

Plaintiff, an inmate at the State Correctional Institution at Graterford has filed this action under 42 U.S.C. § 1983 alleging that his civil rights were violated by defendant's actions in lodg-

ing and maintaining a detainer against him as a technical parole violator subsequent to his arrest on charges involving crimes committed during the term of his parole. He also alleges that he was denied the right to have a lawyer represent him at his parole hearing when he was adjudged a technical violator. Finally, he complains of threats made by agent Bendus to arrest him as a parole violator. Plaintiff seeks punitive and compensatory damages in excess of $750,000. Presently before us is defendants' Motion to Dismiss.

■ Insofar as the complaint seeks damages from the parole officers based on delegated discretionary acts within their official capacities, it must be dismissed because of their immunity under the Civil Rights Act. Robert J. Clark v. Pennsylvania Board of Probation and Parole and John J. Burke, Agent, Civil Action No. 72–175 (E.D.Pa., filed February 25, 1972); Robinson v. Largent, 311 F.Supp. 1032 (E.D.Pa.1970). Although the entire action could be dismissed on this basis, we find that the complaint does not state a cause of action even if we liberally construe it to allege arbitrary or capricious actions on the part of defendants which might lie outside the scope of their protected official discretion.

From the facts stated in the complaint, plaintiff, while under supervision of the Pennsylvania Board of Probation and Parole, was arrested on charges of wantonly and playfully pointing a fire arm, assault and battery with intent to ravish, assault and battery and viola-

tions of the Uniform Fire Arms Act on November 2, 1968. A detainer was immediately filed by his parole officer so that he could not post bail, and after a brief hearing at the Norristown County Prison, his parole was revoked because of numerous technical violations of the parole conditions.[1] Ultimately, plaintiff was convicted of the first two charges listed above and his status was changed from a Technical Violator to that of a Convicted Violator.

■ Plaintiff alleges that because of the "presumption of innocence" his parole status could not have been terminated prior to his conviction on the criminal charges. However, the procedure followed here is clearly contemplated by the Pennsylvania statutory provisions which plaintiff does not challenge, and since the Court initiated proceedings only after plaintiff's arrest, the due process requirement that the Board not act arbitrarily or capriciously was satisfied. See Robinson v. Largent, supra.

■ Plaintiff admits that he was afforded a hearing by the Board of Probation and Parole, but claims that he was refused a request to be represented by counsel. Assuming this to be true, plaintiff fails to state a cause of action upon which relief can be granted. Federal law does not appear to require that a state prisoner be represented by counsel at state parole proceedings.[2] Further, at the time of plaintiff's revocation hearing in 1968, Pennsylvania law did not require or provide for representation by counsel at such hearings. Subsequently, the Supreme Court of Pennsyl-

1. In the affidavit accompanying defendant's Motion for Summary Judgment, the Chairman of the Board of Probation and Parole enumerated the following violations: having in his possession deadly weapons (Rule No. 6); associating with persons having criminal records (Rule No. 7); operating a motor vehicle without a valid license (Rule No. 10).

2. Bearden v. State of South Carolina, 443 F.2d 1090 (4th Cir. 1971); Williams v. Dunbar, 377 F.2d 505 (9th Cir. 1967); Williams v. Patterson, 389 F.2d 374 (10th Cir. 1968). Other circuits have

gone further and held that there is no right to a hearing of any sort. Morissey v. Brewer, 443 F.2d 942 (8th Cir. 1971); Rose v. Haskins, 388 F.2d 91 (6th Cir. 1968); Richardson v. Markley, 339 F.2d 967 (7th Cir. 1965). Recently, the Second Circuit held that there was such a right to counsel at state parole revocation hearings, United States ex rel. Bey v. Connecticut State Board of Parole, 443 F.2d 1079 (2nd Cir. 1971), but the decision was later vacated as moot by the Supreme Court. 404 U.S. 879, 92 S.Ct. 196, 30 L.Ed. 2d 159 (1971).

vania recognized such a right,[3] but it is clear that the defendant Gernert was not acting arbitrarily or capriciously in denying a request for counsel in 1968.

 Finally, plaintiff's allegation that his parole officer threatened to revoke plaintiff's parole if he did not pay a fine in connection with a charge of statutory rape does not state a claim under the Civil Rights Act. United States ex rel. Smith v. Heil, 308 F.Supp. 1063 (E.D.Pa.1970).

For the foregoing reasons, defendant's Motion to Dismiss will be granted.

3. Commonwealth v. Tinson, 433 Pa. 328, 249 A.2d 549 (1969).