IN THE COMMONWEALTH COURT OF PENNSYLVANIA

Dwight Marshall,                         :
                                         :
                    Petitioner           :
                                         :
        v.                               :  No. 1115 C.D. 2019
                                         :  Submitted: May 29, 2020
Pennsylvania Board of                    :
Probation and Parole,                    :
                                         :
                    Respondent           :


**OPINION NOT REPORTED**

**MEMORANDUM OPINION**
**PER CURIAM**                                   **FILED: October 8, 2020**


        Dwight Marshall (Parolee) petitions for review of the decision of the

Pennsylvania Board of Probation and Parole (Board)[1] denying his administrative

appeal of the Board's action that denied credit for the time that he spent at liberty

on parole following his recommitment as a convicted parole violator (CPV). We

affirm.

        We have summarized the relevant history of this case as follows:

                In 1998, [Parolee] was sentenced to 11 to 22 years
        in prison for murder in the third degree and robbery, with
        a maximum date of January 15, 2019. He obtained
        release on parole on March 3, 2008. Almost nine years
        later, as a result of a traffic stop in Delaware, [Parolee]

---

[1] Subsequent to the filing of the petition for review, the Pennsylvania Board of Probation and Parole has been renamed the Pennsylvania Parole Board. Sections 15, 16, and 16.1 of the Act of December 18, 2019, P.L. 776, No. 115 (effective February 18, 2020); *see also* Sections 6101 and 6111(a) of the Prisons and Parole Code, *as amended*, 61 Pa. C.S. §§6101, 6111(a).

was charged with multiple crimes related to his possession of 200.49 grams of powder cocaine and 67.94 grams of crack cocaine. Specifically, a court in the State of Delaware, Kent County, convicted [Parolee] for "DDEAL Tier 4 (F) Cocaine" under 16 Del. C. §4752, and it sentenced him to eight years, custody level 5. Certified Record (C.R.) at [30] (Sentence Order, 5/10/17). Delaware then extradited [Parolee] to serve his sentence in Pennsylvania.

The new conviction subjected [Parolee] to a parole revocation hearing. [Parolee] acknowledged his conviction, and signed a waiver of his right to a hearing. C.R. at [44-45]. The parole revocation hearing report recommended "taking [his] street time" because [Parolee] "was on parole for Murder and was convicted of felony drug related crimes." C.R. at [57].

As a result of his out-of-state conviction, the Board recommitted [Parolee] to serve 24 months as a [CPV]. In determining the appropriate recommitment range, the Board determined that [Parolee's] Delaware conviction most closely related to the Pennsylvania crime of possession with intent to manufacture or deliver a controlled substance (cocaine) under Section 13(a)(30) of The Controlled Substance, Drug, Device and Cosmetic Act (Controlled Substance Act), [Act of April 14, 1972, P.L. 233, *as amended*, 35 P.S. §780–113(a)(30),] that carries a statutory maximum sentence of 10 years. 37 Pa. Code §75.1. Pursuant to 37 Pa. Code §75.2, the presumptive recommitment range for that new offense is 18 to 24 months. The Board did not award [Parolee] credit for his time spent at liberty on parole because of his "felony drug related crimes." C.R. at [59]. Based on his conviction, the Board recalculated [Parolee's] maximum sentence date as April 29, 2028.

Through counsel, [Parolee] filed an administrative appeal of the Board's recommitment order. The Board issued a decision, affirming and explaining the term of recommitment. Because it stated a reason for denying [Parolee] credit for his time spent at liberty on parole, the

2

Board deemed moot his challenge to its exercise of discretion in its denial of credit. C.R. at [84].

*Marshall v. Pennsylvania Board of Probation and Parole*, 200 A.3d 643, 646-47 (Pa. Cmwlth. 2018).

On appeal to this Court, Parolee asserted that the Board: (1) violated his due process rights because he was not notified at the time of his revocation hearing waiver that a new maximum sentence date could be imposed; (2) was not authorized to alter his original maximum date beyond his judicially imposed sentence; (3) applied the incorrect recommitment range for the most serious Delaware conviction; and (4) abused its discretion in denying him credit for the time that he spent at liberty on parole and violated the due process requirements of *Pittman v. Pennsylvania Board of Probation and Parole*, 159 A.3d 466, 474 (Pa. 2017), by "den[ying him] credit without conducting any *individual assessment of the facts and circumstances* surrounding his parole revocation." *Marshall*, 200 A.3d at 647, 650 (emphasis in original).

Initially, we rejected Parolee's claims that the Board violated his due process rights with respect to his waiver of a revocation hearing; the Board was not authorized to alter his judicially imposed sentence; and the Board applied the incorrect recommitment range. *Marshall*, 200 A.3d at 647-649. Accordingly, we affirmed the Board's decision in these respects. *Id.* at 652.

However, regarding Parolee's claim that the Board erred in failing to grant credit for the time that he spent at liberty on parole, we stated:

> Section 6138(a)(1) of the Prisons and Parole Code [(Code)] provides that any parolee who commits a crime punishable by imprisonment while on parole, and is convicted or found guilty of that crime, may be

3

recommitted as a CPV. 61 Pa. C.S. §6138(a)(1).[2] Further, Section 6138(a)(2.1) of the [Code], 61 Pa. C.S. §6138(a)(2.1),[3] "unambiguously grants the Board discretion to award credit to a CPV recommitted to serve the remainder of his sentence," except when the recommitment involves the reasons in subsections 6138(a)(2.1)(i) and (ii) (including violent and sexual offender crimes), not present here. *Pittman*, 159 A.3d at 473.

Relevant here, in *Pittman*, our Supreme Court held that in not explaining its exercise of discretion with reasons for awarding or denying credit, the Board

---

[2] Section 6138(a)(1) states, in relevant part, "A parolee under the jurisdiction of the [B]oard . . . who, during the period of parole . . . commits a crime punishable by imprisonment, for which a parolee is convicted . . . in a court of record, may at the discretion of the [B]oard be recommitted as a parole violator."

[3] Section 6138(a)(2) and (2.1) states, in relevant part:

(2) If the parolee's recommitment is so ordered, the parolee shall be reentered to serve the remainder of the term which the parolee would have been compelled to serve had the parole not been granted *and, except as provided under paragraph (2.1), shall be given no credit for the time at liberty on parole.*

(2.1) *The [B]oard may, in its discretion, award credit to a parolee recommitted under paragraph (2)* for the time spent at liberty on parole *unless* any of the following apply:

(i) The crime committed during the period of parole . . . is a crime of violence as defined in 42 Pa. C.S. §9714(g) (relating to sentences for second and subsequent offenses) or a crime requiring registration under 42 Pa. C.S. Ch. 97 Subch. H (relating to registration of sexual offenders).

(ii) The parolee was recommitted under [S]ection 6143 (relating to early parole of inmates subject to Federal removal order).

61 Pa. C.S. §6138(a)(2), (2.1) (emphasis added).

violated its statutory mandate and denied a parolee's constitutional due process rights. The Court reasoned that the Board satisfies constitutional due process by stating the reasons for exercising its discretion to deny credit for the time a parolee spent at liberty on parole. However, the Court did not set forth criteria for such a statement, noting only that it need not "be extensive and a single sentence explanation is likely sufficient in most instances." *Id.* at 475 n.12.

Here, the Board's reason for denying [Parolee] credit for time spent at liberty on parole consisted of four words: "felony drug related crimes." C.R. at [59]. Although the word "felony" connotes the severity of the offense, it remains unclear how a drug-related conviction warrants denying credit for almost nine years of street time, which is more than the sentence [Parolee] received for his new conviction. Further, the phrase implies he committed multiple felony drug crimes when he was convicted of just one.

\* \* \*

[O]ther than reference to a felony conviction, the Board's stated reason does not contain any facts that relate to this parolee. The significance of the "drug-related" modifier of crime is also unclear from this record. The record does not indicate that his prior conviction was drug related, or otherwise suggest recidivism. As to the commission of a felony while on parole, the commission of a felony could be one of the factors that the Board considers when exercising its discretion to award or withhold credit; however, standing alone, the commission of a felony is an insufficient articulation of the Board's reasoning.

*Marshall*, 200 A.3d at 650, 651 (footnotes and citation omitted).

Concluding that "[w]ithout further explication of the stated reason, the Board's reason for denying [Parolee] credit is not amenable to appellate review," "we remand[ed] to the Board for the limited purpose of explaining its exercise of

5

discretion in its credit determination, and to correct any error in exercising that discretion based on the facts and circumstances of [Parolee's] parole revocation." *Id.* at 651-52 (footnote omitted). Based on the foregoing, we issued the following order that stated, in relevant part:

> [T]he order of the [Board] is **AFFIRMED IN PART**, as to parole revocation and the recommitment range, and **VACATED IN PART**, as to the credit for time spent at liberty on parole determination. The matter is **REMANDED** to the Board to explain its exercise of discretion in its credit determination as to the time [Parolee] spent at liberty on parole.

*Id.* at 652 (emphasis in original).

On remand, in a decision mailed January 18, 2019, the Board modified its prior revocation decision stating, in pertinent part:

> THE BOARD IN ITS DISCRETION DID NOT AWARD CREDIT TO YOU FOR THE TIME SPENT AT LIBERTY ON PAROLE FOR THE FOLLOWING REASON(S):
>
> PAROLEE WAS BEING SUPERVISED IN VIRGINIA AND LEFT WITHOUT PERMISSION AND WAS ARRESTED IN DELAWARE WITH A VERY LARGE AMOUNT OF DRUGS (200 GRAMS OF POWDER COCAINE AND 67 GRAMS OF CRACK COCAINE). HE RETURNED TO VIRGINIA AND DID NOT REPORT HIS ARREST AS REQUIRED.

C.R. at 86. Accordingly, the Board kept Parolee's violation maximum date of April 29, 2028. *Id.*

On February 15, 2019, Parolee filed a petition for administrative review with the Board alleging that the Board: (1) again failed to provide an adequate contemporaneous statement of the reasons for denying him credit for the time that he spent at liberty on parole; (2) illegally altered his original maximum

6

date beyond his judicially imposed sentence by denying credit for the time that he spent at liberty on parole; (3) violated his due process rights by illegally altering his original maximum date beyond his judicially imposed sentence; (4) unconstitutionally increased the punishment imposed on his original convictions by illegally altering his original maximum date beyond his judicially imposed sentence; (5) compelled Parolee to enter an illegal contract by illegally altering his original maximum date beyond his judicially imposed sentence; (6) unconstitutionally violated his right to the finality of his sentence by illegally altering his original maximum date beyond his judicially imposed sentence; (7) exhibited deliberate indifference to his liberty interests by illegally altering his original maximum date beyond his judicially imposed sentence; and (8) illegally altered his original maximum date beyond his judicially imposed sentence because the prior version of the Code under which the Board is acting was held to be unconstitutional in *Commonwealth ex rel. Banks v. Cain*, 28 A.2d 897 (Pa. 1942). *See* C.R. at 88-101.[4]

On July 22, 2019, the Board mailed a decision affirming its January 18, 2019 recommitment decision stating, in relevant part:

> Pursuant to the Supreme Court's ruling in [*Pittman*], the Board must articulate the basis for its decision to grant or deny a [CPV] credit for time spent at liberty on parole. In this case on your [B]oard decision mailed January 18, 2019, the Board articulated that you were denied credit because while under supervision in Virginia you left the state without permission and were arrested in Delaware with a large amount of cocaine and crack cocaine and [your] failure to report when you returned to Virginia. The record accurately reflects that you were arrested in

---

[4] Subsequently, the Board released Parolee on reparole. *See* C.R. at 103-105.

7

Delaware on October 22, 2016[,] and found to be in possession of 200 grams of cocaine and 67 grams of crack cocaine. Additionally, after you posted bond and were released from custody in Delaware you failed to return to Virginia for supervision and failed to report the arrest to parole supervision. Therefore, the reason provided for not awarding you credit for the time you were at liberty on parole is sufficient.

Finally, the Board recalculated your maximum sentence date to April 29, 2028[,] based on your recommitment as a [CPV]. The decision to recommit you as a [CPV] gave the Board statutory authority to recalculate your sentence to reflect that you received no credit for the period you were at liberty on parole. 61 Pa. C.S. §6138(a)(2). The Board denied you credit for time at liberty on parole in this instance. The Board advised you of this potential penalty on the parole conditions you signed on February 28, 2008.[5] You also had constructive notice of this potential penalty via the statute. Additionally, the ability to challenge the recalculation decision after it is imposed satisfies your due process rights. Therefore, the Board's recalculation of your maximum sentence date did not violate any constitutional provisions, including double jeopardy. *Young v.* [*Pennsylvania Board of Probation and Parole*], 409 A.2d 843 (Pa. 1979).

The Board's regulations provide that the scope of review of an administrative appeal is limited to whether the decision is supported by substantial evidence, an error of law has been committed or there has been a violation of constitutional law. 37 Pa. Code §73.1(a)(2). The record in this matter establishes that the Board decision mailed January 18, 2019[,] is supported by substantial evidence, does not constitute an error of law, and does not violate your constitutional rights.

---

[5] *See* C.R. at 8 ("If you are convicted of a crime committed while on parole/reparole, the Board has the authority, after an appropriate hearing, to recommit you to serve the balance of the sentence . . . which you were serving when paroled/reparoled, with no credit for time at liberty on parole.").

8

C.R. at 107-108. Parolee then filed the instant petition for review from the Board's decision.

On appeal, Parolee claims that the Board failed to comply with this Court's remand order in that it failed to comport with the requirements of *Pittman* and Section 6138(a)(2.1) of the Code. Specifically, Parolee contends that the Board's January 18, 2019 revised recommitment decision solely relies on the circumstances relating to his new conviction underlying his recommitment, as before, and is not sufficiently individualized as required in the imposition of a judgment of sentence. *See* Brief of Petitioner at 11-12. He also asserts that he disputes the facts upon which the Board relied in denying credit for this period of time. *See id.*

Pa. R.A.P. 2591(a) states, in pertinent part: "On remand of the record the . . . government unit below shall proceed in accordance with the judgment or other order of the appellate court[.]" *See also* Section 706 of the Judicial Code, 42 Pa. C.S. §706 ("An appellate court may affirm [or] vacate . . . any order brought before it for review, and may remand the matter and . . . require the entry of such appropriate order . . . as may be just under the circumstances.").

As this Court has explained:

> "[I]t has long been the law in Pennsylvania that following remand, a lower court is permitted to proceed only in accordance with the remand order." *Commonwealth v. Sepulveda*, [144 A.3d 1270, 1280 n.19 (Pa. 2016)]. In *Levy v. Senate of Pennsylvania*, 94 A.3d 436 (Pa. Cmwlth.), *appeal denied*, [] 106 A.3d 727 (Pa. 2014), which the Supreme Court cited with approval in *Sepulveda*, this Court explained: "Where a case is remanded for a specific and limited purpose, 'issues not encompassed within the remand order' may not be decided on remand. A remand does not permit a litigant a 'proverbial second bite at the apple.'" *Levy*, 94 A.3d at

9

442 (quoting *In re Indep. Sch. Dist. Consisting of the Borough of Wheatland*, 912 A.2d 903, 908 (Pa. Cmwlth. 2006)).

*Marshall v. Commonwealth*, 197 A.3d 294, 306 (Pa. Cmwlth. 2018), *aff'd*, 214 A.3d 1239 (Pa. 2019). Accordingly, we will not consider any issues that have been raised that are beyond the confines of our remand order herein.

As stated above, this Court "**REMANDED** [this matter] to the Board to explain its exercise of discretion in its credit determination as to the time [Parolee] spent at liberty on parole." *Marshall*, 200 A.3d at 652 (emphasis in original). *See also id.* at 652 ("[W]e remand to the Board for the limited purpose of explaining its exercise of discretion in its credit determination, and to correct any error in exercising that discretion based on the facts and circumstances of [Parolee's] parole revocation.").

As noted in the instant Board decision, Parolee was arrested in Delaware for possessing large quantities of powder cocaine and crack cocaine with the intent to deliver the same, which constitute separate and distinct crimes in Delaware comparable to violations of Section 13(a)(30) of the Controlled Substance Act, 35 P.S. §780–113(a)(30),[6] which are punishable by up to an aggregate of 20 years' imprisonment under Section 13(f)(1.1), 35 P.S. §780–113(f)(1.1).[7] Additionally, Parolee left Virginia without permission to travel to Delaware to commit the foregoing crimes, and failed to notify the Virginia parole

---

[6] *See Marshall*, 200 A.3d at 649 ("[T]he conduct underlying [Parolee's] conviction most closely relates to the Pennsylvania crime of possession *with intent* to deliver under Section 13(a)(30) of the Controlled Substance Act, 35 P.S. §780-113(a)(30), as the Board concluded.") (emphasis in original).

[7] Although Parolee was originally charged with six separate crimes in Delaware, he was only convicted of one count of possession with the intent to deliver the powder cocaine; all of the other charges were *nolle prossed*. *See* C.R. at 26-27, 30.

authorities of his arrest in Delaware for these crimes. All of the foregoing factors relied upon by the Board in refusing to grant credit under Section 6138(2) of the Code for the time that Parolee spent on parole are amply supported by the certified record of this case.[8]

_____

[8] Parolee cannot dispute the information relied upon by the Board to revoke his parole because he waived his right to a parole revocation hearing and admitted the facts underlying the revocation. In particular, Parolee admitted the following, in pertinent part:

> On the 5th day of July, 2017, I, [Parolee], do knowingly, intelligently, and voluntarily admit that: I was convicted of . . . the new criminal offense(s) listed on the attached PBPP 257N dated 05/15/2017[,] that the conduct underlying the charge occurred while I was on parole/delinquent on parole, I have been convicted of the offense(s) in a court of record and the offense(s) was punishable by imprisonment. Specifically, I knowingly, intelligently, and voluntarily admit that I have been convicted of
>
> OFFENSE DATE: 10/22/2016
> ARREST DATE: 10/22/2016
> CONVICTION DATE: 05/10/2017
> COUNTY AND STATE: Kent County, Delaware
> COURT NAME: Superior Court of the State of Delaware in and for Kent County
> OFFENSE AND GRADING: DDEAL TIER 4 (COCAINE) (F)
> SENTENCING: Custody for 8 years at level 5 with credit for 6 days' time served; suspended for 1 year at level 2 at Docket No(s).
> COURT NAME: Superior Court of the State of Delaware in and for Ken County
> INDICTMENT NUMBER: IK17-01-0009
>
> in violation of parole. I understand and agree that this admission is binding and may only be withdrawn if I submit a written withdrawal to my supervising agent, within ten (10) calendar days of the date written above.

C.R. at 44.

**(Footnote continued on next page…)**

(continued…)

Additionally, Parolee waived his right to challenge the evidence relied upon by the Board, which included the Delaware State Police Troop 3 Arrest Report that states, in relevant part:

> I then conducted a search of the interior portion of the [Parolee's] vehicle, starting my search inside the front passenger side. During the search, I reached under the center console partition (under the gear shift) and felt a plastic bag. I pulled the plastic bag from under the console, where it met the floor of the vehicle and retrieved a tightly tied all plastic bag.
>
> * * *
>
> I returned to the vehicle and opened the plastic bag. Inside, I retrieved two items that were completely wrapped with electrical tape. As I peeled off the covering pieces of electrical tape, I identified the one item to be suspected powder cocaine and the second item to be suspected crack cocaine.
>
> * * *
>
> [] These items were weighed and tested according to Divisional Policy. The powder cocaine was discovered to be packaged in a clear plastic vacuum sealed bag and weighed 200.49 grams. The powder cocaine was tested using a NARK test kit at 0216 hours on 10/22/16. During the test, the substance turned blue indicating a positive result for powder cocaine. The crack cocaine was discovered to be packaged in a clear plastic vacuum sealed bag and weighed 67.49 grams. The crack cocaine was tested using a NARK test kit at 0215 hours on 10/22/2016. During the test, the substance turned blue indicating a positive result for crack cocaine.

C.R. at 29.

The Board's evidence also included its Supervision History, which stated, in pertinent part:

> Staff learned . . . that [Parolee] had been arrested in Delaware on 10/22/2016. He had been charged with possession of cocaine; police conducted a traffic stop and developed probable cause for a

**(Footnote continued on next page…)**

As indicated above, through the plain language of Section 6138(a)(2) of the Code, the General Assembly has provided that "[t]he [B]oard may, in its discretion, award credit . . . for the time spent on parole[.]" Thus, "'[u]nder Pennsylvania law, the [Board] has wide discretion as to recommittal or continuance on parole of parolee regardless of whether he has been convicted during his parole of another crime or has been guilty of a technical parole violation only.'" *Commonwealth ex rel. Sparks v. Russell*, 169 A.2d 884, 886 (Pa. 1961) (citation omitted). In properly exercising this recommitment discretion, the Board must provide a "contemporaneous statement" explaining its rationale, but "the reason the Board gives does not have to be extensive and a single-sentence

---

**(continued…)**

> search of his rented vehicle. Search yielded some 200 grams of powder cocaine and 67 grams of crack cocaine. [Parolee] posted bond and was released on 10/28/2016. Although he had not secured permission to be outside Virginia, he did return to Virginia for supervision. He failed to report this arrest to parole officer, however.

C.R. at 49.

Finally, Parolee attached a letter from his Virginia parole officer to the petition for administrative review that he submitted to the Board, which states, in relevant part:

> [Parolee] was arrested on 10/22/2016 in Delaware. He was not given permission to leave the state. He was later convicted in Delaware of "DDEAL TIER 4 (F) COCAINE." He was placed on Supervision for 1 year by the Delaware Department of Corrections. Delaware initiated a transfer to Virginia. However, [Parolee] was taken into custody on the Parole Board Warrant from Pennsylvania and therefore a transfer was denied.

C.R. at 101.

13

explanation is likely sufficient in most instances." *Pittman*, 159 A.3d at 474, 475 n.12. In meeting this standard, the Board's reasoning must be "accurate and related to the parolee's offenses," and "'in sufficient detail to permit meaningful appellate review.'" *Marshall*, 200 A.3d at 650, 651 (citation omitted). We also require that the Board's stated reasoning "is documented in the record and affords the parolee notice of the specific acts being referenced." *Plummer v. Pennsylvania Board of Probation and Parole*, 216 A.3d 1207, 1212 (Pa. Cmwlth. 2019), *appeal denied*, 222 A.3d 1130 (Pa. 2020).

Based on the foregoing, it is clear that the Board has complied with our remand order and has furnished a sufficient contemporaneous statement of the reasons why it denied Parolee credit for the time that he was at liberty on parole, which is amply supported by the certified record and relates to a number of Parolee's actions contravening the conditions of his parole.[9] *See, e.g., Tres v.*

---

[9] As provided in the Board's General Conditions of Parole:

> If parole is granted, the parolee shall be subject to the following conditions:
>
> 1. Report in person or in writing within 48 hours to the district office or sub-office specified by the Board and do not leave that district without prior written permission of the parole supervision staff.
>
> * * *
>
> 3. Maintain regular contact with the parole supervision staff by:
>
> * * *
>
> (ii)  Notifying the parole supervision staff within 72 hours of[:]
>
> (A)  Arrest.

**(Footnote continued on next page…)**

*Pennsylvania Board of Probation and Parole* (Pa. Cmwlth., No. 828 C.D. 2018, filed June 3, 2019), slip op. at 7-8 (holding that the Board's stated reasoning "arrested in firearms charge" satisfied the *Pittman* standard);[10] *Johnson v. Pennsylvania Board of Probation and Parole*, 206 A.3d 88, 94 (Pa. Cmwlth. 2019) (holding that the Board's stated reasoning "[parolee] was being supervised for a drug offense when he committed this new drug offense" and that "[i]t also dealt with a large quantity of heroin" satisfied the *Pittman* standard); *Vieldhouse v. Pennsylvania Board of Probation and Parole* (Pa. Cmwlth., No. 803 C.D. 2018, filed March 1, 2019), slip op. at 2, 8-9 (holding that the Board's stated reasoning "poor supervision history" satisfied the *Pittman* standard); *Hoover v. Pennsylvania Board of Probation and Parole* (Pa. Cmwlth., No. 609 C.D. 2017, filed February 15, 2019), slip op. at 4-5 (holding that the Board's stated reasoning "[c]onviction was assaultive in nature" following remand satisfied the *Pittman* standard); *Smoak v. Talaber*, 193 A.3d 1160, 1164-65 (Pa. Cmwlth. 2018) (holding that the Board's stated reasoning "unresolved drug and alcohol issues" satisfied the *Pittman*

---

**(continued…)**

> 4. Comply with municipal, county, State and Federal criminal statutes[.]
>
> 5. Additionally:
>   (i) Abstain from the unlawful possession or sale of narcotics and dangerous drugs[.]

37 Pa. Code §63.4(1), (3)(ii)(A), (4), (5)(i). *See also* C.R. at 8 (imposing the foregoing conditions on Parolee's parole).

[10] *See also* 210 Pa. Code §69.414(a) ("Parties may also cite an unreported panel decision of this Court issued after January 15, 2008, for its persuasive value, but not as binding precedent.").

standard); *Hughes v. Pennsylvania Board of Probation and Parole*, 179 A.3d 117, 121 n.5 (Pa. Cmwlth. 2018) (holding that the Board's stated reasoning "[r]evoke street time-continued drug activity" satisfied the *Pittman* standard).

Accordingly, the Board's decision is affirmed.

IN THE COMMONWEALTH COURT OF PENNSYLVANIA

Dwight Marshall,                          :
                                          :
                    Petitioner            :
                                          :
          v.                              : No. 1115 C.D. 2019
                                          :
Pennsylvania Board of                     :
Probation and Parole,                     :
                                          :
                    Respondent            :

**PER CURIAM**

# **O R D E R**

AND NOW, this 8<u>th</u> day of <u>October</u>, 2020, the decision of the Pennsylvania Board of Probation and Parole dated July 22, 2019, is AFFIRMED.