## Commonwealth *v.* Soudani, Appellant.

Submitted September 13, 1960. Before Rhodes, P. J., Gunther, Wright, Woodside, Ervin, Watkins, and Montgomery, JJ.

*Sami H. Soudani*, appellant, in propria persona.

*Joseph S. Ammerman*, District Attorney, for Commonwealth, appellee.

Opinion by Wright, J., November 16, 1960:

Sami H. Soudani has appealed from an order of the Court of Quarter Sessions of Clearfield County refusing (1) to apportion costs as between two counts of one indictment, and (2) to remit fine and costs.

Appellant was tried and convicted on a bill of indictment containing two counts. The first count charged aggravated assault and battery, and the second count charged assault with intent to kill. On the second count appellant was sentenced to pay the costs and a fine of $1,000.00, and to serve a term of three and one-half to seven years in the Eastern State Penitentiary.[1] On the first count appellant was sentenced to serve a term of one and one-half to three years, to run concurrently with the sentence on the second

---

[1] Now designated the State Correctional Institution at Philadelphia. Act No. 467, approved October 22, 1959.

count. On appeal to this court, both judgments of sentence were affirmed. See *Commonwealth v. Soudani*, 190 Pa. Superior Ct. 628, 155 A. 2d 227. An appeal was allowed by the Supreme Court which tribunal ruled that, since both charges arose out of the same transaction and differed merely in degree, only one penalty could be imposed. See *Commonwealth v. Soudani*, 398 Pa. 546, 159 A. 2d 687. The order of the Supreme Court was as follows: "The sentence of relator on his conviction of aggravated assault and battery is set aside. The judgment is otherwise affirmed".

Appellant's petition in the court below contained two requests here pertinent as follows: "(A) Order the opportionment of the amounts of cost so to strike out that amount applicable to the sentence which was set aside by the state Supreme Court. (B) Remit the amount of fine and the remainder of the amount of cost". Neither of these requests has merit, and both were properly refused by the court below.

(1) We fail to perceive how the costs of prosecution in the instant case may be divided or apportioned between the first and second counts of the indictment. Section 64 of the Act of March 31, 1860, P. L. 427, 19 P.S. 1223, provides that "in all cases of conviction of any crime, all costs shall be paid by the party convicted". Since all the costs were necessary to try appellant on the second count of the indictment, and since there was but one set of costs, appellant is liable for the total amount. Cf. *Commonwealth v. Williams*, 18 Pa. D. & C. 2d 534.

(2) Appellant's second request is based upon the assertion that he is indigent, that he has been incarcerated since December 24, 1958, and that he is without "earning power for services performed and labor". So far as the costs are concerned, a direction to pay costs in a criminal proceeding is not part of the sentence, but is an incident of the judgment: *Common-*

*wealth v. Dunleavy,* 16 Pa. Superior Ct. 380. And see *Commonwealth v. Moore,* 172 Pa. Superior Ct. 27, 92 A. 2d 238. Costs do not form a part of the penalty imposed by statutes providing for the punishment of criminal offenses, *Commonwealth v. Cauffiel,* 97 Pa. Superior Ct. 202, and liability for the costs remains even after a pardon by the executive: *Cope v. The Commonwealth,* 28 Pa. 297; *County of Schuylkill v. Reifsnyder,* 46 Pa. 446. So far as the fine is concerned, a court has no authority to alter a sentence after the expiration of the term at which the sentence was imposed: *Commonwealth ex rel. Nagle v. Myers,* 191 Pa. Superior Ct. 495, 159 A. 2d 261. As stated in *Commonwealth ex rel. Banks v. Cain,* 345 Pa. 581, 28 A. 2d 897, "Article IV, section 9, of the Constitution gives to the Governor the power to remit fines, and there is no legislation granting such power to any other authority, not even to the courts".

Order affirmed.