J-S29013-19

2019 PA Super 289

| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF |
| | : | PENNSYLVANIA |
| | : | |
| v. | : | |
| | : | |
| | : | |
| KEVIN M. GARY-RAVENELL | : | |
| | : | |
| Appellant | : | No. 2551 EDA 2018 |

Appeal from the Judgment of Sentence Entered August 16, 2018
In the Court of Common Pleas of Montgomery County Criminal Division
at No(s): CP-46-CR-0001260-2018

BEFORE: BENDER, P.J.E., LAZARUS, J., and FORD ELLIOTT, P.J.E.

OPINION BY LAZARUS, J.:                    **FILED SEPTEMBER 24, 2019**

Kevin M. Gary-Ravenell appeals from the judgment of sentence, entered in the Court of Common Pleas of Montgomery County, after pleading guilty to drug offenses. After careful review, we vacate and remand for resentencing.

On August 18, 2018, Gary-Ravenell entered a negotiated guilty plea to possession of a controlled substance[1] and possession of drug paraphernalia.[2] The court sentenced him to one year of probation, a fine of $50, and also ordered him to pay costs in the amount of $1,329.50. Gary-Ravenell filed a timely notice of appeal and court-ordered Pa.R.A.P. 1925(b) concise statement of errors complained of on appeal. He presents the following issue for our consideration: "Did the sentencing court err in imposing a fine and

_____

[1] 35 P.S. § 780-113(a)(16).

[2] 35 P.S. § 780-113(a)(32).

costs at sentencing without making a determination regarding Mr. Gary-Ravenell's ability to pay?" Appellant's Brief, at vi.

We first note that a claim that the court lacked authority to impose fines and costs is a challenge to the legality of the sentence. ***Commonwealth v. Garzone***, 993 A.2d 306 (Pa. Super. 2010), *aff'd*, 34 A.3d 67 (Pa. 2012).

Instantly, Gary-Ravenell claims that neither during his oral guilty plea colloquy nor at any other time during his plea hearing did the court discuss the issue of his ability to pay fines and costs. ***See*** N.T. Guilty Plea, 8/16/18, at 2 ("In exchange for that plea, he would be placed on probation for a period of one year, and pay a $50 fine plus the costs of prosecution."); ***id.*** at 12 ("He'll pay the costs on Count 1, and a $50 fine in monthly installments as directed during the period of his supervision. Costs are waived on Court 3."). Despite this lack of inquiry, the court imposed $1,379.50 for costs of prosecution and a $50 fine as an additional sentence. ***See*** Pennsylvania Commission on Sentencing - Guideline Sentence Form, 9/12/18 (noting $50 fine imposed as restorative sanction part of sentence); ***see also*** Plea Form, 8/16/18, at 2 (noting "Defendant is sentenced to pay the costs of prosecution, and a fine of $50 . . . in monthly installments as directed, and as authorized by law" on Count 1).[3]

---

[3] ***See*** 204 Pa. Code § 303.14(a) (relating to guideline sentence recommendations – economic sanctions; fines generally). ***See also*** 35 P.S. § 780-113(b) (any person who violates provisions of clause (15) through (20) of subsection (a) "shall . . . be sentenced to imprisonment not exceeding one year or to pay a fine not exceeding five thousand dollars ($5,000), or both[.]").

Section 9721(a) of our Commonwealth's Sentencing Code sets forth a trial court's sentencing alternatives; a fine is one of those alternatives. *See* 42 Pa.C.S. § 9721(a)(5). Fines may either be imposed as a defendant's sole sentence or as an additional sentence when the defendant has derived a pecuniary gain from the crime or the court opines that a fine is "specially adapted to deterrence of the crime involved or to the correction of the defendant." 42 Pa.C.S. §§ 9726(a), (b)(1)-(2). Pursuant to section 9726(c), a court "*shall not sentence a defendant to pay a fine unless it appears of record that: (1) the defendant is or will be able to pay the fine*; and (2) the fine will not prevent the defendant from making restitution or reparation to the victim of the crime." 42 Pa.C.S. § 9726(c) (emphasis added).

Unlike fines, which are part of a defendant's actual sentence, a defendant who has been convicted of a crime may also be liable for the costs of prosecution, which are authorized by statute. *See* 16 P.S. § 7708; *see also* 16 P.S. § 1403. It is well-established that "[a] direction to pay costs in a criminal proceeding is not part of the sentence, but is an incident of the judgment. Costs do not form a part of the penalty imposed by the statutes providing for the punishment of the criminal offenses[.]" *Commonwealth v. Soudani*, 165 A.2d 709, 711 (Pa. Super. 1960); *Commonwealth v. Cauffiel*, 97 Pa. Super. 202, 205 (Pa. Super. 1930) (liability for costs of prosecution is merely "an incident of the judgment"). The distinction between fines and costs is critical in evaluating the issue presented in the instant case

– whether a defendant is entitled to an "ability to pay" determination prior to sentencing.

Section 9721 of the Sentencing Code sets forth mandatory costs that may be associated with a sentence. Section 9721(c.1) states:

> Notwithstanding the provisions of section 9728 (relating to collection of restitution, reparation, fees, costs, fines and penalties) or any provision of law to the contrary, in addition to the alternatives set forth in subsection (a), *the court shall order the defendant to pay costs. In the event the court fails to issue an order for costs pursuant to section 9728, costs shall be imposed upon the defendant under this section. No court order shall be necessary for the defendant to incur liability for costs under this section. The provisions of this subsection do not alter the court's discretion under Pa.R.Crim.P. [] 706([C]) (relating to fines or costs).*

42 Pa.C.S. § 9721(c.1) (emphasis added). **See also** 42 Pa.C.S. § 9728(b.2) (setting forth mandatory payment of costs by defendant in event court fails to issue order under section 9728(a) imposing such costs, "unless the court determines otherwise pursuant to Pa.R.Crim.P. 706([C]) (relating to fines and costs).").

Under Pa.R.Crim.P. 706(A), a court may not imprison a defendant *for failing to pay a fine or cost* "unless it appears *after a hearing* that the defendant is financially able to pay the fine or costs." Pa.R.Crim.P. 706(A) (emphasis added). Subsection (B) of Rule 706 sets forth the process that a court must employ to determine the amount and method of payment for a fine or costs once the court determines, following a Rule 706(A) hearing, that the defendant "is without the financial means to pay[.]" Pa.R.C.P. 706(B).

Rule 706(C) requires a court "consider the burden upon the defendant by reason of the defendant's financial means" when determining the amount and method of payment under subsection (B). Pa.R.Crim.P. 706(C). Thus, Rule 706, which is referenced in both sections 9721 and 9728 of the Sentencing Code, necessarily applies to defendants who have first defaulted in paying a fine or costs or are in imminent danger of default. *See* Pa.R.Crim.P. 101(C) ("To the extent practicable, these rules [of criminal procedure] shall be construed in consonance with the rules of statutory construction."); *see also* 1 Pa.C.S. § 1921(a) ("[E]very [rule] shall be construed, if possible to give effect to all its provisions."). Accordingly, the hearing referenced in Rule 706(A) is not a pre-sentence proceeding that takes place *before* costs are imposed; Rule 706 and its safeguards are only triggered once a defendant fails to pay.

Therefore, costs are not subject to a *pre*-sentence ability-to-pay determination, unlike fines, which are part of a defendant's actual sentence. *See Commonwealth v. Hernandez*, 917 A.2d 332, 336 (Pa. 2007) (Rule 706 "is an adequate procedural tool that supplants 16 [P.S.] § 1403 and satisfies . . . constitutional requirements . . . by ensuring that an indigent [defendant] will be afforded an opportunity to prove his financial inability to pay the costs of prosecution *before being sentenced to prison* [for failure to pay costs].") (emphasis added); *see also Commonwealth v. Childs*, 63 A.3d 323 (Pa. Super. 2013) (same). Rather, costs are a reimbursement to the government for the expenses associated with a defendant's criminal

prosecution. **Commonwealth v. Wall**, 867 A.2d 578, 582 (Pa. Super. 2005) (noting that where "[c]osts and restitution are akin to collateral consequences[,] fines [conversely] are considered direct consequences and, therefore, punishment.") (citations omitted).

In **Commonwealth v. Boyd**, 73 A.3d 1269 (Pa. Super. 2013) (en banc), our full court discussed a sentencing court's duty to inquire into a defendant's ability to pay a fine under section 9726, pointing out "*the explicit language of the mandate contained in section 9726 [that] '[t]he court shall not sentence a defendant to pay a fine unless it appears of record that . . .' the defendant has the financial means to pay the fine and that the fine will not interfere with payment of restitution to a victim*." **Id.** at 1273, citing 42 Pa.C.S.A. § 9726(c)(1) (emphasis added). In **Boyd**, our Court ultimately concluded that because the sentencing court had the benefit of the defendant's presentence investigation (PSI) report which contained "significant information regarding [the defendant's] educational history, employment history, and existing assets, . . [it had] an evidentiary basis upon which to impose a fine." **Boyd**, 73 A.3d at 1274. Thus, the fine was not an illegal sentence.

Accordingly, pursuant to **Boyd**, as well as the clear language of section 9726(c)(1), the sentencing court was only permitted to impose a fine as an additional sentence for Gary-Ravenell if "it appear[ed] of record that [he was] able to pay the fine." 42 Pa.C.S. § 9726(c)(1). Unlike **Boyd**, the sentencing form in the instant case indicates that the court did not complete a PSI prior

to imposing Gary-Ravenell's fine.[4]  ***See*** Sentencing Guideline Form, 9/12/18.

Moreover, the notes of testimony from Gary-Ravenell's guilty plea hearing

contain no discussion or basis from which we can conclude that the sentencing

judge was informed as to his ability to pay under section 9726(c).  Because

the court did not comply with this statutory mandate, this portion of Gary-

Ravenell's sentence is illegal, must be vacated and the court should

resentence the defendant on remand.  If the court should again decide to

impose a fine as an additional sentence on Count 1, the court would be

required to place on the record the evidentiary basis supporting its conclusion

regarding Gary-Ravenell's ability to pay the specified fine.

With regard to the costs of prosecution that the court imposed, the trial

court was not required to conduct a pre-sentence inquiry into Gary-Ravenell's

ability to pay.  ***See Hernandez***, 917 A.2d at 336-37 (generally defendant not

entitled to pre-sentencing hearing on ability to pay costs).[5]  Thus, the court

properly imposed the instant costs of prosecution.

---

[4] In fact, the defendant's written guilty plea shows that while he was informed
that he had the right to a PSI, he was also told that a 'PSI is usually waived if
your plea agreement is accepted because the information is not needed for
sentencing by the [j]udge."  Guilty Plea Form, 8/17/18, at ¶¶ 40-41.

[5] Rather, under Rule 706, the court is only obligated to conduct a hearing
when Gary-Ravenell is in default.  Instantly, it is undisputed that Gary-
Ravenell is indigent as he qualified for the assistance of a public defender
throughout his case and on appeal.  Thus, there is a presumption that he is
unable to pay the costs of prosecution.  However, there is nothing in the record
indicating that he is in default of paying the costs of prosecution.  If Gary-
Ravenell does ultimately default on paying the costs, the trial court shall

Judgment of sentence vacated. Case remanded for proceedings consistent with this decision. Jurisdiction relinquished.

President Judge Emeritus Ford Elliott joins this Opinion.

President Judge Emeritus Bender notes his dissent.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary

Date: 9/24/19

---

conduct a hearing regarding his ability to pay costs in accordance with the procedures outlined in Rule 706. If, after such a hearing, the court determines that Gary-Ravenell is "without the financial means to pay the . . . costs," then the court may determine a "just and practicable" payment plan and time period over which the costs shall be paid. *Id.* at (B). In determining the amount and method of the payment of the costs, the court "shall . . . consider the burden upon [Gary-Ravenell] by reason of [his] financial means." *Id.* at (C).