**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF PENNSYLVANIA |
| | : | |
| v. | : | |
| | : | |
| DERRICK CHAPPELL | : | |
| | : | |
| Appellant | : | No. 2958 EDA 2018 |

Appeal from the Judgment of Sentence Entered August 6, 2018
In the Court of Common Pleas of Delaware County
Criminal Division at No(s):  CP-23-CR-0003607-1999

BEFORE:   PANELLA, P.J., GANTMAN, P.J.E., and PELLEGRINI, J.[*]

MEMORANDUM BY PANELLA, P.J.:                    **FILED OCTOBER 09, 2019**

Derrick Chappell challenges the judgment of sentence entered in the Delaware County Court of Common Pleas, following resentencing on his second-degree murder conviction. We affirm in part, vacate in part and remand to the trial court for further proceedings consistent with this memorandum.

In 2000, Chappell, who was fifteen years old at the time of the offense, was convicted of second-degree murder as a result of his participation in the 1997 burglary, robbery and murder of an elderly victim. The trial court sentenced him to life imprisonment without the possibility of parole. We affirmed Chappell's judgment of sentence, and our Supreme Court denied allowance of appeal. In the years that followed, Chappell unsuccessfully

_____

[*] Retired Senior Judge assigned to the Superior Court.

sought post-conviction relief by filing multiple PCRA petitions. In each instance, the denial of PCRA relief was affirmed on appeal by this Court.

In 2012, the United States Supreme Court held that mandatory life imprisonment without parole for juvenile offenders violates the Eighth Amendment's prohibition on cruel and unusual punishment. *See Miller v. Alabama*, 567 U.S. 460, 465 (2012). Notably, the Court did not foreclose sentencing courts from ever imposing a term of life without parole in a homicide case. *See id*., at 479-480. Instead, it required sentencing courts to consider a juvenile's immaturity and capacity for change, and to impose a life without parole term only in those extreme and rare cases where the sentencing court determines that the juvenile is incapable of rehabilitation. *See id*.

Recognizing Pennsylvania's existing sentencing scheme violated *Miller*, the Legislature enacted 18 Pa.C.S.A. § 1102.1. The statute provides mandatory minimum sentences for juvenile offenders who are convicted of first or second degree murder. *See* 18 Pa.C.S.A. 1102.1. However, by its terms, the statute applies only to those convicted after June 24, 2012. *See id*.

Thereafter, in *Montgomery v. Louisiana*, 136 S.Ct. 718 (2016), the Court held *Miller* announced a substantive rule of constitutional law that must be applied retroactively. *See Montgomery*, at 736. Following *Miller* and *Montgomery*, our Supreme Court held in *Commonwealth v. Batts*, 66 A.3d

286 (Pa. 2017) ("***Batts I***"), that juvenile offenders for whom the sentencing court deems a life without parole sentence is inappropriate, "are subject to a mandatory maximum sentence of life imprisonment as required by section 1102(a), accompanied by a minimum sentence determined by the common pleas court upon resentencing[.]" ***Id***., at 297.

The Supreme Court of Pennsylvania later reaffirmed this rule in ***Commonwealth v. Batts***, 163 A.3d 410, 459-460 (Pa. 2017) ("***Batts II***").The Court found that in fashioning a minimum sentence, courts "should be guided by the minimum sentences contained in section 1102.1(a)[.]" ***Id***., at 458.

After the issuance of ***Montgomery***, Chappell filed a timely PCRA petition asserting that his sentence was illegal pursuant to ***Miller*** and ***Montgomery***. The PCRA court granted relief on this claim. Chappell was originally resentenced to thirty years to life imprisonment on the second-degree murder charge. Chappell filed a motion to reconsider sentence, and was ultimately resentenced to twenty-eight years to life imprisonment on the second-degree murder charge. This timely appeal followed.

Chappell first argues that his maximum sentence of life in prison is illegal. "Issues relating to the legality of a sentence are questions of law. Our standard of review over such questions is *de novo* and our scope of review is plenary." ***Commonwealth v. Barnes***, 167 A.3d 110, 116 (Pa. Super. 2017) (*en banc*) (internal quotations and citation omitted, ellipses in original).

Chappell contends that pursuant to **Miller** and **Graham v. Florida,** 560 U.S. 68 (2010), the imposition of a mandatory maximum term of life imprisonment is unconstitutional and violates the mandates of proportionality and individualized sentencing. He maintains that by requiring a mandatory term of life for the tail of the sentence, a juvenile defendant's eligibility for release will lie solely with the Parole Board, which would reflect an abdication of judicial responsibility. **See** Appellant's Brief, at 25 (citing **Songster v. Beard**, 201 F.Supp.3d 642 (E.D. Pa. 2016)).

We find that Chappell's challenge to the legality of his sentence was thoroughly resolved by our Supreme Court in **Batts II**. Further, since **Batts II**, this Court has repeatedly rejected the claim that the imposition of a mandatory maximum sentence of life imprisonment for a juvenile convicted of first or second-degree murder is illegal. **See Commonwealth v. Olds**, 192 A.3d 1188, 1197-1198 (Pa. Super. 2018) (holding imposition of mandatory maximum term of life imprisonment for juvenile defendant convicted of second-degree murder prior to **Miller** was constitutional), *appeal denied*, 199 A.3d 334 (Pa. Dec. 11, 2018); **Commonwealth v. Sesky**, 170 A.3d 1105, 1109 (Pa. Super. 2017) (holding trial court imposed an illegal sentence when it resentenced juvenile defendant convicted of first-degree murder prior to **Miller** to term of 13 to 26 years' imprisonment; court was required to impose mandatory maximum sentence of life imprisonment); **Commonwealth v. Battles**, 169 A.3d 1086, 1089-1090 (Pa. Super. 2017) (holding trial court's

imposition of mandatory maximum term of life imprisonment upon resentencing of juvenile defendant convicted of first-degree murder prior to *Miller* was legal).

As summarized by our Court in *Olds*, "trial courts must sentence juveniles convicted of second-degree murder prior to June 25, 2012 to a maximum term of life imprisonment under section 1102(b)." *Id.*, at 1198. Accordingly, Chappell is entitled to no relief on his first claim.

Next, Chappell contends the re-sentencing court erred in not making a determination regarding his ability to pay court costs at the time of sentencing – i.e. prior to imposing the costs on him. A claim that the court lacked authority to impose fines and costs is also a challenge to the legality of sentence. *Commonwealth v. Garzone*, 993 A.2d 306 (Pa. super. 2010), *aff'd*, 34 A.3d 67 (Pa. 2012). While we agree that the sentence is illegal in this respect, we do so on other grounds.

Unlike fines, which are part of a defendant's actual sentence, a defendant who has been convicted of a crime may also be liable for the costs of prosecution, which are authorized by statute. *See* 16 P.S. § 7708; *see also* 16 P.S. § 1403. It is well-established that "[a] direction to pay costs in a criminal proceeding is not part of the sentence, but is an incident of the judgment. Costs do not form a part of the penalty imposed by the statutes providing for the punishment of the criminal offenses[.] *Commonwealth v. Soudani*, 165 A.2d 709, 711 (Pa. Super. 1960).

Therefore, a defendant can expect to be held financially liable for the costs associated with a sentencing proceeding when he commits a crime. "A defendant does not, however, reasonably expect to be financially responsible for the costs associated with resentencing necessitated by changes in law many years later." *Commonwealth v. Lehman*, 201 A.3d 1279, 1287 (Pa. Super. 2019), *appeal granted*, ___ A.3d ___, 69 MAL 2019 (Pa. 2019).

> [I]t is well-settled that a defendant may not be punished for exercising his or her constitutional rights. If we held that Appellant was responsible for paying the costs associated with resentencing, we would punish him for exercising his constitutional right to receive a sentence that comports with the Eighth Amendment of the United State Constitution (as incorporated against the states via the Fourteenth Amendment).

*Id.*, at 1286. This Court in *Lehman* found that although the Appellant "chose" to receive a constitutional sentence by filing a PCRA petition, that did not entitle the Commonwealth to recover the costs associated with the resentencing process. *Id.*

Any costs of resentencing in the instant case arose because Chappell elected to exercise his rights under *Miller* and *Montgomery*. It was not reasonably foreseeable that Chappell would receive an illegal sentence and later be resentenced. Accordingly, the trial court lacked the authority to order Chappell to pay costs and fines associated with the resentencing proceedings as they were necessitated by the evolution of constitutional law. *See id.*

Our review of the record reveals neither costs nor fines were discussed in any manner during either of the resentencing hearings. **See** N.T., 4/9/18; **see also** N.T., 8/6/18. Despite the lack of discussion on the record, the court imposed $885.30 for costs and fines. **See** AOPC Docket; **see also** Certificate of Imposition of Judgment of Sentence, 4/9/18;[1] **see also** Certificate of Imposition of Judgment of Sentence, 8/6/18. Given the lack of discussion regarding the costs and fines being imposed, it is unclear when each cost and fine arose – i.e. from the original sentencing, or from resentencing – with the exception of the cost of DNA testing, which was clearly ordered at the second resentencing hearing. **See** N.T., Resentencing Hearing, 4/9/18, at 7 ("You also must submit to a DNA sample, okay?").

In sum, we conclude the trial court had the authority to resentence Chappell to twenty-eight years to life imprisonment for his second-degree murder conviction. However, we hold the trial court lacked the authority to order Chappell to pay the costs of DNA testing associated with resentencing. Further, we remand to the trial court for a determination of whether the remaining costs and fines arose from the original sentencing or from the resentencing proceedings.

_____

[1] We note that the Certificate of Imposition of Judgment of Sentence provides that "costs of prosecution" are imposed on Chappell. However, we conclude this does not clearly establish that the costs at issue are costs arising from resentencing. We therefore believe the best course of action is to vacate and remand to allow the trial court to address this issue in the first instance.

We affirm Chappell's judgment of sentence in part, vacate it in part, and remand for further proceedings consistent with this opinion.

Judgment of sentence affirmed with respect to the term of incarceration. Judgment of sentence vacated with respect to costs imposed. Case remanded for further proceedings consistent with this memorandum. Jurisdiction relinquished.

Judge Pellegrini joins the memorandum.

President Judge Emeritus Gantman concurs in the result.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary

Date: 10/9/19