J-S26017-20

NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF PENNSYLVANIA |
| | : | |
| v. | : | |
| | : | |
| DARNELL LAMOUNT FLEMINGS | : | |
| | : | |
| Appellant | : | No. 1321 WDA 2019 |

Appeal from the Judgment of Sentence Entered June 19, 2019
In the Court of Common Pleas of Erie County Criminal Division at No(s):
CP-25-CR-0002146-2018

BEFORE:   MURRAY, J., McLAUGHLIN, J., and PELLEGRINI, J.[*]

MEMORANDUM BY McLAUGHLIN, J.:            FILED SEPTEMBER 16, 2020

Darnell Lamount Flemings appeals from the judgment of sentence entered following entry of his guilty plea to conspiracy to commit possession of a controlled substance with intent to deliver ("PWID") marijuana and receiving stolen property.[1] Flemings claims the court imposed an illegal sentence because the costs imposed at sentencing included a lab fee for controlled substance related charges that were nolle prossed, not only for marijuana, which is the controlled substance underlying his conviction. We agree, reverse the judgment of sentence as it relates to costs, and remand with instructions.

_____

[*] Retired Senior Judge assigned to the Superior Court.

[1] 18 Pa.C.S.A. § 903, 35 P.S. § 780-113(a)(30), and 18 Pa.C.S.A. § 3925, respectively.

The Commonwealth charged Flemings with criminal conspiracy to commit PWID of cocaine, criminal conspiracy to commit PWID of marijuana, PWID of cocaine, PWID of marijuana, possession of cocaine, possession of marijuana, possession of hydrocodone, possession of alprazolam, possession of high potency pharmaceutical cannabis vape pens, possession of drug paraphernalia, and receiving stolen property. The charges stemmed from the execution of a search warrant on a house Flemings shared with co-defendant Cordele Miles, III.

Flemings pled guilty to criminal conspiracy to commit PWID of marijuana and receiving stolen property. The remaining charges were nolle prossed. The trial court sentenced Flemings to 7 to 23 months' imprisonment for the receiving stolen property conviction and a consecutive term of two years' probation for the conspiracy to commit PWID conviction. The court further ordered Flemings to pay a lab fee of $869, joint and several with Miles. The fee included the costs for testing for all substances, not only the cost for testing for marijuana. N.T., 6/19/19, at 17 (stating that the lab fee was for marijuana, cocaine, and the other controlled substances).[2]

_____

[2] Flemings filed a motion with the trial court to correct the certified record so that it included the sealed PSI, noting that the sealed PSI had a two page lab report with it and that the lab report was needed for the Superior Court's review. The trial court granted the motion and ordered the certified record be "supplemented with the sealed PSI Report" and for the clerk of court to transmit the motion and sealed PSI to the superior court. The supplemental record included a one page, unsealed PSI, which notes that the drug analysis is attached, but did not include the actual drug analysis. Because Flemings

Flemings filed a post-sentence motion, asking the court to reconsider the imposition of the lab fee costs because the amount included the cost associated with testing items that Flemings was not convicted of possessing. Flemings asked the trial court to find that he was not required to pay the fee or to direct the Commonwealth to obtain an itemization of the fee so the court could order Flemings to pay only the cost associated with the testing for marijuana. The trial court denied the motion. Flemings filed a timely notice of appeal.

Flemings raises the following issue on appeal:

> Did the trial court err or commit an abuse of discretion when it ordered [Flemings], who had been solely convicted of conspiracy to distribute marijuana, to pay the lab fees associated with the testing of other drugs, as this sentence violates 42 Pa.C.S.A. § 1725.3 and the United States Supreme Court's holding in Nelson v. Colorado, 137 S.Ct. 1249 (2017)?

Flemings' Br. at 8.

A challenge to the trial court's authority to impose costs implicates the legality of sentence. Commonwealth v. Lehman, 201 A.3d 1279, 1283 (Pa.Super. 2019). Our standard of review is de novo and our scope of review is plenary. Id. The Commonwealth bears the burden of proving that the expenses were necessary and in connection with the prosecution of the offense or offenses of which the defendant was found guilty. Commonwealth

_____

attempted to supplement the record with the documentation, and because the parties agree that the lab fees included costs for all controlled substances, not just marijuana, we will address the issue.

v. Garzone, 993 A.2d 1245, 1259 (Pa.Super. 2010), aff'd 34 A.3d 67 (Pa. 2012).

The statute governing the imposition of lab fees provides that a person who pleads guilty to a violation of the Controlled Substance, Drug, Device and Cosmetic Act shall pay costs in cases where laboratory services were required to prosecute the crime:

> (a) Imposition.--A person . . . who pleads guilty to or nolo contendere to or who is convicted of . . . a violation of The Controlled Substance, Drug, Device and Cosmetic Act shall, in addition to any fines, penalties or costs, in every case where laboratory services were required to prosecute the crime or violation, be sentenced to pay a criminal laboratory or paramedic user fee which shall include, but not be limited to, the cost of sending a laboratory technician or paramedic to court proceedings.

42 Pa.C.S.A. § 1725.3(a). The statute further governs the amount of the user fee:

> (b) Amount of user fee.--
>
> (2) If a Pennsylvania State Police laboratory has provided services in the prosecution, the director or similar officer of the Pennsylvania State Police laboratory shall determine the actual cost of the laboratory services provided in the prosecution and transmit a statement for services rendered to the court.

Id. at 1725.3(b)(2).

Flemings argues that the plain language of this statute required that an individual convicted of a violation of the drug act pay the lab fee required for that prosecution, and that the police lab submit a report of the actual cost associated with that prosecution. He notes that in Nelson v. Colorado, the

United States Supreme Court held that, absent a conviction, a court could not require defendants to pay costs, fees, or restitution. Fleming's Br. at 17.

The Commonwealth maintains that the statute requires costs to be assessed where the costs are associated with the prosecution of a violation of the Controlled Substance, Drug, Device and Cosmetic Act, and that the statute does not provide for a pro rata distribution of fees for co-defendants and does not provide limits for the costs of prosecution to only those counts for which a plea is entered. It claims that the fact that a case ends in a guilty plea, with some charges withdrawn "does not negate the requirement of laboratory services that were necessary to prepare the prosecution of the violation." Commonwealth's Br. at 3. It distinguished Nelson, noting that, in Nelson, all charges were dismissed when the convictions were overturned.

In Nelson, the United States Supreme Court concluded that a statute requiring defendants to prove their innocence by clear and convincing evidence to obtain a refund of costs, fees and restitution after a court invalidated the underlying convictions violated Due Process. 137 S.Ct. 1249, 1252 (2017). In doing so, the Court reasoned, in part, that a state "may not retain funds taken from [the defendants] solely because of their now-invalidated convictions . . . for [a state] may not presume a person adjudged guilty of no crime, nonetheless guilty enough for monetary exactions." Id. at 1256. The Court further noted that it was "inconsequential" that the defendants "prevailed on subsequent review rather than in the first instance,"

noting that if a trial court had granted a motion to set aside a guilty verdict as insufficient, then the defendant would not be sentenced to pay costs.

In Commonwealth v. Moran, 675 A.2d 1269, 1272 (Pa.Super. 1996), we interpreted Section 1403, which provides that "[i]n any case where a defendant is convicted and sentenced to pay the costs of prosecution and trial, the expenses of the district attorney in connection with such prosecution shall be considered a part of the costs of the case and be paid by the defendant." 16 P.S. § 1403. We concluded that the trial court erred in requiring the defendant to pay the costs incurred in connection with a drunk driving charge, where the jury had acquitted the defendant of that charge. Id. at 1273. We explained that in this context the terms "prosecution" and "conviction" must be read as being "synonymous," because an "exoneration of all charges would not permit the imposition of costs of 'prosecution.'" Id. at 1272 n.11. We thus concluded that "[t]here must be a nexus between the 'conviction' and [costs] imposed ...." Id.

The Commonwealth relies on Commonwealth v. Soudani, 165 A.2d 709 (Pa.Super. 1960), where the court refused to apportion costs between counts when one was overturned, reasoning all costs were necessary to try the defendant on the second count. In Soudani, the defendant had been convicted of aggravated assault and battery and assault with intent to kill. Id. at 710. On appeal, the Pennsylvania Supreme Court held that the convictions should have merged, and it therefore set aside the sentence for the conviction for aggravated assault and battery. Id. The defendant then sought

apportionment of the amount of costs, and requested that this Court strike the amount applicable to the aggravated assault and battery conviction. We held that the costs of prosecution in that case could not be divided, as "all the costs were necessary to try appellant on the second count of the indictment, and [because] there was but one set of costs." Id. at 711.

Here, Flemings was convicted of conspiracy to commit PWID of marijuana and receiving stolen property. The remaining drug charges were nolle prossed. Therefore the court should have required that he pay only the lab fees associated with the marijuana charge. Unlike the fees at issue in Soudani, the lab fees for controlled substances other than marijuana were not necessary to prosecute Flemings for conspiracy to commit PWID of marijuana.

We remand this case to the trial court. The Commonwealth shall file with the trial court an itemized lab fee report, delineating the costs associated with conspiracy to commit PWID of marijuana charge.

Judgment of sentence reversed. Case remanded with instructions. Jurisdiction relinquished.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary

Date: 9/16/2020

- 7 -