J-S05020-21

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF |
| | : | PENNSYLVANIA |
| | : | |
| v. | : | |
| | : | |
| | : | |
| | : | |
| SHAWN JONES | : | |
| | : | |
| Appellant | : | No. 1073 EDA 2020 |

Appeal from the Judgment of Sentence Entered February 21, 2020
In the Court of Common Pleas of Montgomery County Criminal Division
at No(s):  CP-46-CR-0006862-2019

BEFORE:  BOWES, J., LAZARUS, J., and McLAUGHLIN, J.

MEMORANDUM BY LAZARUS, J.:                     **FILED JUNE 02, 2021**

Shawn Jones appeals from the judgment of sentence, entered in the Court of Common Pleas of Montgomery County, after he entered a negotiated guilty plea to simple trespass,[1] a summary offense that he committed when he refused to leave his sister's home after she requested that he do so.  On February 21, 2020, in accordance with the plea agreement, the trial court sentenced Jones to 90 days of probation, 20 hours of community service, and to pay the costs of prosecution and a monthly offender supervision fee.  The court further ordered no offensive contact with his sister.[2]  Jones filed a post-

_____

[1] 18 Pa.C.S. § 3503(b.1)(1).

[2] At sentencing, the court noted that Jones had "some outstanding remunerations with the probation department."  N.T. Sentencing Hearing, 2/21/20, at 16.  Defense counsel alerted the court that Jones was "in collections" and requested that the court remove him from collections because

*(Footnote Continued Next Page)*

sentence motion seeking relief from the imposition of costs and the supervision fee on February 24, 2020, which the trial court denied on February 25, 2020, without a hearing. On April 8, 2020, Jones filed a notice of appeal to this Court.[3] Both Jones and the trial court have complied with Pa.R.A.P. 1925. Jones' sole claim on appeal challenges the trial court's imposition of the costs of prosecution, as well as the offender supervision fee, without holding a hearing to consider his ability, as an indigent person, to pay those costs and that fee. He is entitled to no relief.

On March 23, 2021, this Court issued its decision in *Commonwealth v. Lopez*, _ A.3d _, 1313 EDA 2018 (Pa. Super. 2021) (en banc). Like Jones, Lopez challenged the trial court's imposition of mandatory court costs without first holding a hearing to determine his ability to pay, asserting that such a hearing is required under Pa.R.Crim.P. 706(c)[4] and *Commonwealth v.*

_____

of his inability to pay, which the court granted. *Id.* at 17. At the time that Jones filed his appellate brief, his costs and fees owed to the court in this matter amounted to $365.55.

[3] Due to the statewide judicial emergency declared as a result of the COVID-19 pandemic, all notices of appeal due to be filed between March 19, 2020, and May 8, 2020, are deemed to have been timely filed if they were filed by close of business on May 11, 2020. *See In Re: General Statewide Judicial Emergency*, Nos. 531 and 532 Judicial Administrative Docket, at 5, Section III (Pa. filed April 28, 2020). Here, Jones' notice of appeal was due on or before March 23, 2020 and was, thus, tolled by the Order of the Supreme Court. Accordingly, we consider his notice of appeal, filed on April 8, 2020, timely filed.

[4] Rule 706 provides:

*(Footnote Continued Next Page)*

*Martin*, 335 A.2d 424 (Pa. Super. 1975) (en banc) (holding court must hold ability-to-pay hearing when imposing fine), as well as sections 9721(c.1) and

---

(A) **A court shall not commit the defendant to prison for failure to pay a fine or costs unless it appears after hearing that the defendant is financially able to pay the fine or costs.**

(B) When the court determines, after hearing, that the defendant is without the financial means to pay the fine or costs immediately or in a single remittance, the court may provide for payment of the fines or costs in such installments and over such period of time as it deems to be just and practicable, taking into account the financial resources of the defendant and the nature of the burden its payments will impose, as set forth in paragraph (D) below.

(C) The court, in determining the amount and method of payment of a fine or costs shall, insofar as is just and practicable, consider the burden upon the defendant by reason of the defendant's financial means, including the defendant's ability to make restitution or reparations.

(D) In cases in which the court has ordered payment of a fine or costs in installments, the defendant may request a rehearing on the payment schedule when the defendant is in default of a payment or when the defendant advises the court that such default is imminent. At such hearing, the burden shall be on the defendant to prove that his or her financial condition has deteriorated to the extent that the defendant is without the means to meet the payment schedule. Thereupon the court may extend or accelerate the payment schedule or leave it unaltered, as the court finds to be just and practicable under the circumstances of record. When there has been default and the court finds the defendant is not indigent, the court may impose imprisonment as provided by law for nonpayment.

Pa.R.Crim.P. 706 (emphasis added).

9728(b.2) of the Sentencing Code.[5]   **See** 42 Pa.C.S. §§ 9721(c.1) and 9728(b.2).

In rejecting Lopez's claim, this Court concluded that "[w]hen the sections of Rule 706 are read sequentially and as a whole, as the rules of statutory construction direct, it becomes clear that [s]ection C only requires a trial court to determine a defendant's ability to pay at a hearing that occurs prior to incarceration, as referenced in [s]ections A and B." **Lopez**, **supra** at 5.  While the trial court maintains the discretion to conduct an ability-to-pay hearing prior to imposing costs, "nothing in the Rules of Criminal Procedure, the Sentencing Code[,] or established case law takes that discretion away from the trial court unless and until a defendant is in peril of going to prison for failing to pay the costs imposed on him." **Id.** at 11.  Accordingly, Jones is entitled to no relief from the imposition of costs.

Jones also challenges the court's imposition of the mandatory[6] supervision fees, pursuant to 18 P.S. § 11.1102, without first determining his

---

[5] Sections 9721(c.1) and 9728(b.2) make the payment of costs by a defendant mandatory even in the absence of a court order requiring such payment unless, in the exercise of its discretion, the court determines otherwise pursuant to Rule 706(C).

[6] Under 18 P.S. § 11.1102, the offender supervision fee is mandatory "unless the court finds that the fee should be reduced, waived or deferred based on the offender's present inability to pay." **Id.** at § 11.1102(c); **see also id. at** § 11.1102(e)(1) ("the fee shall automatically become a part of the supervision conditions [of probation] . . .  unless the court [] makes a finding that the offender is presently unable to pay" based on the six enumerated factors set forth in section 11.1102(e)(2)(i-vi)).  **See White**, **infra** at *6; **see also**
*(Footnote Continued Next Page)*

ability to pay. Specifically, Jones cites to 18 P.S. § 11.1102 (costs for offender

supervision programs), and 37 Pa. Code § 68.21 (Imposition of Condition),[7]

for the proposition that the court was required to consider his ability to pay

prior to imposing the fee.

In **Commonwealth v. White**, _ A.3d _, 1310 EDA 2020 (Pa. Super.

2021), a panel of this Court considered the same argument, and held that

_____

**Commonwealth v. Childs**, 63 A.3d 323, 326 (Pa. Super. 2013) (finding
offender supervision fee mandatory, pursuant to 18 P.S. § 11.1102(c)).

[7] Pursuant to 37 Pa. Code § 68.21:

> The sentencing judge of the court of common pleas **shall** impose
> upon an offender, as a condition of supervision, a monthly
> supervision fee **unless the court** or a supervising agency
> designated by the court **determines that it should be reduced,
> waived or deferred based upon one or more of the following
> criteria**:
>
> > (1) The offender is 62 years of age or older with no income.
> > (2) The offender is receiving public assistance.
> > (3) The offender is enrolled as a full-time student for 12
> > semester credit hours in an educational organization
> > approved by the United States Department of Education.
> > (4) The offender is incarcerated.
> > (5) The offender is not employable due to a disability, as
> > determined by an examination acceptable to or ordered by
> > the court.
> > (6) The offender is responsible for the support of
> > dependents and the payment of a supervision fee
> > constitutes an undue hardship on the offender.
> > (7) The client is participating in an inpatient treatment
> > program.
> > (8) Other extenuating circumstances as determined by the
> > court or a supervising agency designated by the court.

37 Pa. Code § 68.21 (emphasis added).

"[m]erely because a court has the discretion to waive the fee, does not mean that it abuses its discretion if it chooses not to do so." *Id.* at *6. In so concluding, this Court noted that "neither [18 P.S. § 11.1102, nor 37 Pa. Code § 68.21] **requires** a court to first make a determination regarding a defendant's ability to pay before imposing the [mandatory supervision] fee." *Id.* (emphasis in original).

Here, as in **White**, the court was not required to make a determination that Jones had the ability to pay the offender supervision fee before imposing it at sentencing.[8] As a result, Jones is entitled to no relief from the court's imposition of that fee without a prior determination of his ability to pay. **See White**, **supra**. **See also Commonwealth v. Childs**, 63 A.3d 323, 326 (Pa.

---

[8] Inasmuch as Jones conflates costs and fees, we note that these terms differ. Unlike fines, **see** 42 Pa.C.S. §§ 9726(a), (b)(1)-(2), which are part of a defendant's actual sentence, a defendant who has been convicted of a crime may also be liable for the costs of prosecution, which are authorized by statute. **See** 16 P.S. § 7708; **see also** 16 P.S. § 1403. It is well-established that "[a] direction to pay costs in a criminal proceeding is not part of the sentence, but is an incident of the judgment. Costs do not form a part of the penalty imposed by the statutes providing for the punishment of the criminal offenses[.]" **Commonwealth v. Soudani**, 165 A.2d 709, 711 (Pa. Super. 1960); **Commonwealth v. Cauffiel**, 97 Pa. Super. 202, 205 (Pa. Super. 1930) (liability for costs of prosecution is merely "an incident of the judgment"). Conversely, the court may impose a monthly fee for administrative expenses attendant to offender supervision programs, like the one at issue here, as a condition of supervision. **Commonwealth v. Nicely**, 638 A.2d 213 (Pa. 1994). The fee applies to offenders who have been placed under the supervision of a county probation department or the Pennsylvania Board of Probation and Parole. **See** 37 Pa. Code § 68.21 (Imposition of Condition); **see also** 18 P.S. § 11.1102(c) (costs for offender supervision programs).

Super. 2013) (quoting **Commonwealth v. Hernandez**, 917 A.2d 332, 337 (Pa. Super. 2007)) ("[The] trial court [need] only [] make a determination of an indigent defendant's ability to render payment [on the costs of prosecution and offender supervision fees that were imposed] before [that defendant] is committed [for such non-payment].").

Judgment of sentence affirmed.


*Judgment Entered.*

*Joseph D. Seletyn, Esq.*
*Prothonotary*


*Date: 6/2/2021*